## SUPREME COURT — APPELLATE DIVISION — FOURTH DEPARTMENT.

### July 3, 1917.

### THE PEOPLE v. LEO URBAN.

(179 App. Div. 446.)

ROBBERY—FIRST DEGREE—EVIDENCE.

Appeal from a judgment convicting the defendant of the crime of robbery in the first degree. Evidence examined, and *held*, sufficient to sustain the verdict of conviction.

Said judgment should not be reversed upon the ground that the defendant, upon his arraignment, was not asked if he desired the aid of counsel, when as a matter of fact counsel had been assigned by the court and no claim of this nature was made at the trial.

SAME—WHEN DEFENDANT NOT DEPRIVED OF RIGHT TO AID OF COUNSEL.

Nor should judgment be reversed because the defendant's application for a postponement of the trial in order that he might secure counsel from another city was denied, where it appears that he was advised by the court to secure counsel if he desired eight weeks before the trial, and the defendant was not inexperienced in criminal matters.

TRIAL—COMMENT OF DISTRICT ATTORNEY.

If was not prejudicial to the defendant for the district attorney to comment before the jury upon the fact that the defendant and his companion at the time of the crime occupied rooms with two women whom they falsely represented to be their wives.

INDETERMINATE SENTENCE—PREVIOUS CONVICTION OF FELONY.

The defendant was not entitled to an indeterminate sentence, where it appeared by affidavit that he had been previously convicted of receiving stolen property, a felony, although he claimed that his admission to the court that he had previously been convicted of assault and robbery was made by mistake.

APPEAL by the defendant, Leo Urban, from a judgment of the County Court of Wyoming county, entered in the office of the clerk of said county on the 16th day of December, 1915, convicting him of the crime of robbery in the first degree, and also from an order entered in said clerk's office on the 27th

day of December, 1916, denying his motion to correct the record of his conviction.

*Louis Goldring,* for the appellant.

*L. C. Wilkie,* counsel for defendant Osmanski, filed brief in behalf of the appellant.

*L. A. Walker, District Attorney, for* the respondent.

DE ANGELIS, J.:

Leo Urban and one Bernard Osmanski were convicted of the crime of robbery, first degree, at a term of the County Court of Wyoming county in December, 1915, and Urban alone appeals.

The crime was committed October tenth, the defendants were arrested October twelfth, indicted November eighteenth in the Supreme Court, Osmanski as Joseph Hoffer, and Urban as Leon Lyons, arraigned and pleaded not guilty November eighteenth, the indictment amended to correct their names and sent to the County Court for trial November twenty-second, counsel assigned to them by the County Court and they were placed on trial December thirteenth, the jury rendered their verdict December fourteenth, and the appellant Urban was sentenced to imprisonment at hard labor in Auburn Prison for the period of fifteen years on the 16th day of December, 1915.

On Sunday night, October 10, 1915, between the hours of eight and nine o'clock, at the village of Perry, in the county of Wyoming, these defendants held up two Poles, one of whom escaped, and from the other they took one dollar and twenty cents in money and a gold hunting case watch. To accomplish this deed the appellant held a pistol to the breast of the man who was robbed. These defendants, having come to this vil-

lage not later than Sunday morning, and having engaged rooms for themselves at a rooming and boarding house, to be occupied by themselves and two women referred to by them as their wives, for the afternoon and night, occupied the rooms with the women until the next morning about nine o'clock, excepting the period between eight and nine o'clock Sunday night when the defendants were engaged in perpetrating the offense for which they stand convicted. About eleven o'clock Monday night the chief of police of the village found the party, the two men and the two women, at a grocery store, and recognizing that they were strangers, interrogated them to ascertain the reason for their presence in the village. The appellant gave his name as Leo Lyons and the other defendant gave his name as Joe Hoffer or Hoffman. They stated that they resided in Rochester. They described one of the women as the sister of the appellant and she gave her name as Ceresa Lyons and the other woman gave her name as Teresa Myers. They were told where they could find a hotel and one of the officers of the village watched their movements and followed them until they disappeared in the darkness on one of the roads leading from the village. The defendants did not reside in Rochester, they gave fictitious names, and stated the time of their arrival in the village falsely. Early the next morning the two men and the two women were arrested at Silver Springs and brought back to Perry in an automobile. Shortly after they passed a certain point on the way to Perry that morning a revolver was found by the roadside. In one of the rooms which the party occupied Sunday night there was found the crystal of a watch with a nick in it. Urban was round faced and had red hair. Osmanski was taller and stooped a little. They both had sweaters under their coats and wore caps. Both Poles who were assaulted were able to give general descriptions of the defendants tending strongly to identify them. It appeared that the crystal of the watch that was stolen was thin and nicked and

did not fit tightly so that it often fell from the case. The Pole from whom the watch was taken recognized the crystal that was found in the rooming house as that of his watch. Statements made by the defendants while they were in jail were testified to connecting them with the crime. Among these statements was one to the effect that the revolver had been thrown away on their way from Silver Springs Tuesday morning. There were other circumstances pointing to the guilt of these defendants. It is needless to say that the evidence was quite sufficient to sustain the verdict of the jury.

Counsel for the appellant argues that his client was deprived of a legal right because he was not asked if he desired the aid of counsel when he was arraigned upon the indictment. There is no evidence that he was deprived of such right. The clerk's minutes show that upon the arraignment of the defendants they pleaded not guilty. There was no claim made at the trial that they were not informed of their right to counsel. Before the trial began counsel was assigned to defend them and the record shows that he performed his duty faithfully and well.

The counsel for the appellant also argues that the application of the appellant for a postponement of the trial to enable him to secure counsel from Buffalo was improperly denied. When this application was made by the counsel for the defendants who was assigned by the court, the statement of the district attorney, repeated by the court to the counsel, that eight weeks before the defendants had been told by the district attorney to secure counsel, was not controverted. It appeared that the defendants had been in custody since the time of their arrest on the twelfth day of October. These defendants were not inexperienced men as the record shows. We do not think the trial court erred in the disposition of the application.

We do not think the appellant's criticism of the judgment of the district attorney before the jury is well founded. The evidence was sufficient to justify the district attorney in claim-

ing that the women who accompanied these defendants were not their wives, as already appears.

When sentence was about to be pronounced by the trial court the appellant stated that he had been convicted of assault in the third degree and robbery, and thereupon the sentence already referred to was pronounced. A motion was afterwards made by the appellant to correct that part of the judgment of conviction which fixed the time of imprisonment by converting the same into an indeterminate sentence upon the claim that the appellant was mistaken in saying that he had been convicted of the crime of robbery. This motion was met by an affidavit which showed that he had been convicted of the crime of receiving stolen property as to which crime the sentence of the court was suspended and he was placed on probation.

So that whether the defendant, appellant, had been convicted of the crime of robbery or not, it appears that he had been convicted of the crime of receiving stolen property, which is a felony, so that he was not entitled to an indeterminate sentence.

It follows that the judgment and order appealed from should be affirmed.

All concurred.

Judgment of conviction and order affirmed.