THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FELIX REPETOWSKI, Appellant.

Fourth Department, May 14, 1930.

*Samuel M. Fleischman*, for the appellant.

*Guy B. Moore, District Attorney [Leo J. Hagerty* of counsel], for the respondent.

PER CURIAM. In the interest of justice we think the guilt or innocence of this defendant should be passed on by another jury. One week after the failure of one jury to convict, defendant was placed on trial again. The sole evidence against him on the first

trial came from the complaining witness. The transaction involving the crime occupied at most six minutes. During much of that brief moment the opportunity of the witness for observation was limited, harried and unsatisfactory. Nevertheless, immediately after the robbery he gave the police a definite and detailed description of the two robbers. Six weeks later he positively identified defendant as one of them. On the first trial witness said in substance that this defendant was the second of the two men who entered the store. He had described that man to the police as being thirty years old, five feet five inches tall, having dark hair and looking like an Italian. That description did not fit defendant close enough to leave the jury without doubt. When the second trial was moved a week later, defendant asked for a continuance until he could secure a transcript of the testimony given on the first trial. The crucial issue obviously was to be the matter of identification. There was nothing else to connect defendant with the crime. The record of the complaining witness' testimony on the first trial was essential for purposes of cross-examination on the second. Upon the truth of that testimony rested the prosecution's whole case. Postponement was denied. This time the complaining witness said that defendant was the first of the two men who entered the store. He had described that man to the police as being twenty-seven years old, weighing one hundred and forty pounds, and having sandy hair. Here was a serious contradiction, which, if convincingly shown, might well have shaken the effect of the witness' testimony on identity. Without the transcript, however, counsel for the defense could not, and did not, make clear that and other less important contradictions. The defendant was accorded something less than that fair chance to make a defense which is due even to one whose past record is bad; and that cannot be said of defendant. Nor do we lose sight of the effect of the false alibi. But as we have had occasion before now to say, the inference from that is not to be pressed too far. It is a commonplace in criminal annals to find an innocent man, when placed by circumstances in a condition of suspicion and danger, resorting to deception in the hope of avoiding the force of the proof against him.

The judgment of conviction should be reversed on the facts and a new trial granted.

All concur, except EDGCOMB and THOMPSON, JJ., who dissent and vote for affirmance. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment of conviction and order reversed on the facts and a new trial granted.