Bxjrke, J.
The defendant seeks a writ of error coram, nobis upon the ground that the judgment is a nullity as the trial court improperly assigned counsel and refused to grant counsel, of the defendant’s own choosing, adequate time in which to prepare a defense. These acts constitute, defendant avers, a violation of defendant’s right to due process assured by the New York State Constitution (art. I, § 6) and the Fourteenth Amendment to the Constitution of the United States. The affidavit submitted in opposition alleges that the defendant accepted the benefit of the services of the assigned counsel in his defense on the trial and on the appeal, all competently and ably tried and argued.
The motion for this writ of error coram nobis was denied without a hearing. We think that the County Court erred in denying such hearing to the defendant.
If a trial was forced upon defendant without adequate opportunity for his connsel to prepare a defense, then coram nobis lies (People v. Koch, 299 N. Y. 378) even though an appeal would lie from the judgment (People v. McLaughlin, 291 N. Y. 480; People v. Snyder, 297 N. Y. 81). It is likewise clear that ‘ ‘ Where * * * a defendant appears by his own attorney, there is no power in the court to assign counsel at any stage of the proceedings ” (People v. Price, 262 N. Y. 410, 412; People v. Koch, 299 N. Y. 378, 381; see Powell v. Alabama, 287 U. S. 45, 53), without the express consent of the accused. Furthermore, this court has condemned ‘ ‘ last-minute, peremptory assignment[s] ” prior to immediate trial (People v. McLaughlin, supra, p. 483).
Although the fundamental precept of coram nobis is that it may not be employed to raise errors appearing on the face of the record, there is an exception to this basic rule. Judicial interference with the right to counsel guaranteed to defendant by law may warrant the extraordinary remedy of coram nobis, even though the error appears on the face of the record (Matter of Bojinoff v. People, 299 N. Y. 145; People v. Koch, supra). Nevertheless each exception to the rule must be justified by special evidence of a denial of due process requiring corrective judicial process. Hence the scope of coram nobis will not be expanded unless the injury done to the defendant would deprive *203 him of due process of law. In this case assigned counsel may have been reluctant to challenge the propriety of their assignment or the failure of the trial court to permit adequate time for the preparation of a defense when the assignment was accepted with full knowledge of all the circumstances. Such an inhibition might impair the right of defendant to counsel, as it may cast doubt on the freedom of assigned counsel to fully and properly represent the defendant. The unusual nature of these relationships present exceptional facts which, if established, sufficiently support defendant’s claim to relief by way of a writ of error coram nobis.
When the record, as here, does not establish that “ there is no reasonable probability at all that defendant’s averments are true ” (People v. Guariglia, 303 N. Y. 338, 343), the defendant is entitled to a hearing (People v. Richetti, 302 N. Y. 290).
Since proof of the reasonable exercise of judicial discretion is not apparent from a simple perusal of the record, and as the statements in the opposing papers conflict with the allegations of the petition, thereby raising questions of fact which can be resolved only after a hearing, the determination of the County Court is incorrect.
The order appealed from should be reversed and the case remitted to the County Court, Kings County, for a hearing.