John J. Walsh, J.
The defendant-petitioner was brought before the Oneida County Court on the 15th day of March, 1955 for arraignment on an indictment charging burglary in the third degree, 11 counts, petit larceny, 6 counts, and grand larceny in the second degree, 4 counts: entered a plea of not guilty to the indictment, with his retained counsel appearing on his behalf; thereafter, on the 18th day of April, 1955, the indictment was moved for trial; the trial continued through the 22d day of April, 1955 with a jury reporting that they were unable to agree on a verdict.
On the 1st day of June, 1955, the indictment was again moved for trial with the retained counsel again acting on behalf of the defendant-petitioner; trial continued and on the 8th day of June, 1955, the jury returned a verdict of guilty as charged in the indictment on all counts; on the 13th day of June, 1955, the defendant-petitioner, with his retained counsel appearing in his behalf, made a motion for a new trial under section 465 of the Code of Criminal Procedure; this motion was denied; that after the denial of the motion defendant-petitioner was arraigned on a District Attorney’s information for a third offender, duly admitted the allegations therein, waived the two days before sentence and was sentenced to be committed to Attica State Prison for a term of not less than 10 nor more than 20 years on the 18th count of the indictment charging burglary in the third degree, and to a term of not less than 2% nor more than 5 years at Attica State Prison on the 19th count of the indictment charging grand larceny in the second degree, with the sentences to run consecutively; passing of sentence was suspended on all other counts contained in said indictment.
Defendant-petitioner now contends in his writ of error coram nobis verified the 28th day of March, 1960, that: (a) defendant-petitioner did not have adequate representation of counsel, (b) the District Attorney took unfair advantage of petitioner’s counsel and misled him, (e) the Oneida County Court erred in denying petitioner access to the only means available to show the use of perjured testimony on the second trial, and (d) petitioner’s conviction was based on the use of a confession obtained under duress and its admission was error.
At the outset, it seems appropriate to note the very limited nature of the ancient writ of error coram nobis. Even the large volume of judicial opinion on the subject in recent years has not changed fundamental principles.
The writ attaches only to a judgment of conviction and not to subsequent judicial proceedings; it affects matters outside the *323 record and not such as are proper subjects of an appeal; and it relates only to fundamental rights.
The defendant’s right to representation by counsel is such a fundamental right that it is always the subject of coram nobis even when it appears on the record and even when time to appeal has long passed.
The defendant-petitioner contends that he did not enjoy adequate representation by counsel. The inadequacy is based upon the allegations that this was the first criminal case defended by counsel; that counsel was unable to properly prepare the case; that counsel failed to take steps to impeach the credibility of the witnesses at the second trial; that he failed to object to the introduction of a confession as evidence; and finally that he failed to take an appeal from the judgment of conviction as a result of which time to appeal has expired.
In the first place, it must be pointed out that defendant’s counsel during both trials was “of his own • choosing ” not one assigned by the court.
The Court of Appeals has recently discussed this situation. In People v. Brown (7 N Y 2d 359, 361 [Feb. 25, 1960, Fuld, J.]) the court said: “ Coram nobis may not be availed of to remedy counsel’s negligence or error of judgment. It would be folly indeed for the courts to sit and hear disappointed prisoners try their former lawyers on charges of incompetent representation. Absent evidence that the trial judge appointed an attorney who was unfit to defend the accused or that the judge allowed counsel to continue to act after it appeared that his representation was such as to make the trial a farce and a mockery of justice, the fact, if it was one, that assigned counsel made an error of judgment or of tactics during the course of trial is an insufficient ground for coram nobis and, this being so, it would be futile to have a hearing.”
In People v. Tomaselli (7 N Y 2d 350, 356 [Feb. 25, 1960, Fuld, J.]) the same court held: “ Full and unstinting recognition of this principle, however, must not lead us to apply an impossible standard or impose on our courts a duty impossible of fulfillment, nor should it lead us to penalize the People solely because of an asserted failure on the part of assigned counsel to represent his client properly. An effective assignment there must be, but this does not mean that a court, once it has appointed a member of the Bar in good standing to act for the defendant, must stand as surety for the proper performance of counsel’s professional duty.”
*324 If this be the rule with respect to assigned counsel then there is even less reason for any different rule with respect to retained counsel.
“ * * # one appears before the court with counsel employed for his defense is not deprived of his constitutional right to the assistance of counsel merely because in retrospection he concludes that such representation did not meet his standards of effectiveness.” (Moss v. Hunter, 167 F. 2d 683, 684.)
“ The test, however, is whether the alleged incompetency of his counsel deprived the defendant of his right to adequate legal representation as to make his conviction a mockery of justice.” (People v. De Bernardo, 199 Misc. 563, 569 [1950].)
To entitle a defendant to a hearing on his application, enough must appear in his petition to warrant a reasonable inference that the representation afforded was so inadequate as to make his conviction a mockery of justice and thus to deny him the rudiments of due process. The mere fact that counsel never before defended a criminal action is no such showing, irrespective of the fact that counsel in this case was competent enough to get a jury ‘ ‘ disagreement ’ ’ on the first trial.
The second ground of alleged inadequacy of counsel is based upon an unsworn letter of counsel to defendant in 1956 in which he stated that he was unable to properly prepare for the second trial because although informed by the District Attorney that defendant would be tried only on four counts of the indictment, on the trial, counsel was informed that all counts would be tried.
Aside from the fact the indictment was being tried a second, time, counsel for defendant at the close of the People’s case asked for an adjournment on that specific ground which was denied by the court. This can hardly be a claim of inadequate representation by counsel.
The third ground of alleged incompetency was that counsel failed to take steps to impeach the credibility of the witnesses at the second trial. This is apparently based upon the contention that the witnesses changed their testimony on the second trial. This claim is grounded in the unsworn letter of defendant’s counsel.
Insofar as pertinent now, that letter reads as follows: “I appreciated that I could not contradict those witnesses and show to the court and to the jury that perjury was being committed and that they were changing their stories. I appreciated that the only way that that could be shown was by having a copy of the transcript of the testimony of the first trial. And I hope you recall that during the course of the trial and at the termination of the proof of the prosecution, I asked for a recess for such *325 time as would enable me to obtain the testimony of those witnesses who had been testifying and, who, in my opinion, were not tolling the truth at the time of the second trial, all of which was denied me. In any event, even if I had been granted the time, I don’t know where I would have gotten the money to pay for that testimony since your family did not dig into its pockets and come up with the necessary cash so as to afford you an adequate and fair trial under the circumstances. Of course, that is no fault of the District Attorney for the prosecution. It is up to the defendant to obtain the proper defense.”
Obviously, this is no evidence whatever that counsel afforded inadequate representation.
The fourth claim is that counsel failed to object to the introduction of a confession as evidence in the case. The petition fails to support this claim other than to present an affidavit of a witness, Margaret Ann Gianotti, to the effect that the defendant was pushed down the stairs at police headquarters.
The Clerk’s minutes disclose that Margaret Ann Gianotti was a witness for the defendant at both trials.
In any event, such failure would not be sufficient ground in itself for the granting of a writ.
The final claim of inadequate representation by counsel is that no notice of appeal was filed as the result of which defendant’s opportunity for appellate review is now irretrievably lost.
Whether the failure to appeal was the result of incompetence as claimed by defendant or defendant’s own failure to do so after knowledge that counsel would no longer represent him or resulted from an honest misunderstanding, the fact cannot be denied that defendant cannot secure now a review of his conviction.
While this may seem a harsh result, it is a problem for the Legislature and not the courts. There is absolutely no power in the court of original jurisdiction to extend the time for an appeal which right is created by statute and did not exist at common law.
Neither can the writ of error coram nobis be employed in this case because the omission to file a notice of appeal does not affect the validity of the conviction.
The other alleged errors claimed in the petition are without merit. They are all matters of record and were reviewable on appeal had an appeal been properly taken.