Milton A. Wiltse, J.
The defendant was charged with assault in the second degree under an indictment returned by the October, 1960 Grand Jury of Jefferson County. After a trial, a jury returned a verdict of guilty on November 18, 1960. Thereafter, and on December 5, 1960, he was sentenced as a, second felony offender, to imprisonment in Attica State Prison for a term of not less than three and one-half years nor more than seven years.
By a proceeding in the nature of a writ of error coram nobis, he seeks to vacate the judgment of conviction for assault in the second degree.
It is alleged that the conviction of assault in the second degree was obtained by the People through the use of fraudulent and *820 false testimony of three of the witnesses for the People, that this false testimony amounted to perjury, and that the prosecution was aware that the testimony of these three witnesses was fraudulent and false.
This claim is advanced in a petition, and in an affidavit by the defendant. There is no specification as to what portion of the testimony is claimed to be false. In each instance, a conclusion only is alleged, of the use of false and fraudulent testimony, of which the prosecution was aware.
The District Attorney in his answering affidavit has denied the allegations of the defendant.
Upon the trial of the case, the defendant was represented by experienced counsel, a former City Judge of Watertown. At no time during the trial was there a claim of any nature that any witness was testifying falsely. There was no request to the court to direct the District Attorney to furnish any prior contradictory statements, if any there were, that may have been made by any of the three witnesses, for use by the defendant on cross-examination. There was no request for an adjournment to procure any statements or documents which might refute the testimony of the witnesses, or that might have a bearing upon their credibility.
The first time that there was a claim by the defendant that any witness might have given false testimony, was when the defendant was asked before sentencing on December 5, 1960, whether he had any statement to make, or anything to say. The defendant then charged that some of the witnesses for the prosecution had given false testimony. At that time the defendant did not mention in what respect, or in what particular, perjury was claimed. His statement was merely a general accusation. The District Attorney was directed to investigate this charge, but he has not reported the discovery of any perjury.
It appears that the factual situation here is entirely different than was the case in People v. Roberts (13 A D 2d 719, revg. 25 Misc 2d 321). In this proceeding, it is felt that the defendant’s moving papers do not sufficiently allege the use of perjured testimony, to warrant granting the relief asked for (People v. Fanning, 300 N. Y. 593 ; People v. Oddo, 300 N. Y. 649).
Accordingly, the defendant’s request to vacate the judgment of conviction should be denied, as should be his request for a hearing in the matter.
It is mentioned further that should the defendant have the proper evidence, he would have an adequate remedy at law under seefiop 465 pf the Code of Criminal Procedure.