John J. Walsh, J.
On March 31, 1960 the defendant petitioner filed an application for a writ of error coram nobis which motion was denied without a hearing (25 Misc 2d 321). By decision, dated April 7, 1961, the Appellate Division reversed the order of this court and directed “ a full and complete hearing, at which counsel shall be assigned if requested, as to all of defendant’s contentions ” (13 A D 2d 719, 720).
The defendant’s petition alleged four grounds for vacating the judgment of conviction of June 13, 1955 entered after a verdict of guilty by a jury on a 21-count indictment charging burglary in the third degree:
(1) Petitioner did not enjoy adequate representation by counsel.
(2) The District Attorney took unfair advantage of petitioner’s counsel and misled him into not preparing adequately for trial.
(3) The court erred in denying petitioner access to the only means available to show the use of perjured testimony on the trial.
(4) Petitioner’s conviction is based on the use of a confession obtained under duress and the court erred in admitting said confession in evidence.
*623 This court in examining the petition of the defendant was of the opinion that said petition failed to state sufficient facts warranting a hearing thereon.
The petition alleged inadequate representation by counsel upon the trial but the sole cause of complaint was the failure of retained counsel to file a notice of appeal within the statutory period. In its entirety, the petition reads:
“ Since (he) was a licensed member of the Bar, approved by the State of New York, it was not unreasonable for the defendant to assume that a qualified attorney would fully and effectively, protect his rights and interests. Apparently, however (he) did not protect this deponent’s rights since by his own admissions he was unable to properly prepare the case; that he never attempted to set this petitioner free; that he failed to take proper steps that would have enabled him to impugn the veracity of testimony given at variance with testimony of the same witnesses at the first trial; that he failed to object to the introduction of a confession as evidence, knowing it to have been obtained under duress.
“Even after conviction, petitioner’s rights to due process were negated by the inadequate and ineffective representation by counsel. It was (his) opinion that an appellate review of the conviction would result in reversal. He told this petitioner and other persons that he would file Notice of Appeal — However, he failed to do so.”
This petition does not allege a situation in which the representation of counsel was such as to make a mockery of justice. At the hearing, defendant admitted that subsequent to his conviction he wrote a letter to his attorney expressing complete satisfaction with his conduct of the case and in response to a question by the court admitted that he became critical of his attorney’s representation, only after it became apparent to him that no notice of appeal had been filed in his behalf.
Since the failure of counsel to file a notice of appeal does not affect the validity of the judgment of conviction, coram nobis does not lie. (People v. Buck, 6 A D 2d 528 [3d Dept., 1958].)
The failure of retained counsel to take an appeal from a conviction is certainly not fraud by any official of the State, either the trial court or the prosecutor. There is no evidence whatever that defendant was prevented from taking an appeal by reason of the action of the law enforcement or prison authorities (cf. People v. Guhr, 5 A D 2d 688). In such circumstances, relief by way of coram nobis would be most inappropriate and its use for such purpose would be to encourage new trials by the mere failure to take an appeal.
*624 At the hearing, defendant failed to sustain the burden of proving that the representation of his retained counsel was inadequate at the trial. He “ may have been entitled to reasonably competent counsel. He was not entitled to infallible counsel ”. (People v. Lee, 4 AD 2d 770, 772.)
His counsel is a well-known member of the Bar and it is evident both from the petition and at the hearing that he gave the defendant his very best efforts even though they were not successful. He made repeated and numerous objections to both the testimony and the exhibits. One of the repeated claims of the defendant is that the court did not agree with the objections and failed to grant an adjournment as requested by counsel. It is evident both from the petition itself and at the hearing that counsel was experienced and competent enough to obtain a jury disagreement on the first trial of the case.
I find no basis in the petition for the claim of inadequate representation by counsel. This claim was adequately and completely disposed of in the previous memorandum (25 Misc 2d 321, 323-325). On the hearing, the defendant produced no evidence whatever to support his claim of inadequate representation. He relied solely upon the failure to file a notice of appeal. I find no basis whatever for the claim of inadequate representation by counsel at the trial.
The second alleged error claimed by the defendant was that the District Attorney took unfair advantage of the counsel for petitioner and misled him into not preparing adequately for trial.
Defendant was tried on a 21-count indictment in this court at the April 1955 Term of this court and the jury was unable to agree upon a verdict.
On May 24, 1955 the District Attorney notified defendant’s counsel in writing as follows:
Re: People v. Kenneth J. Roberts
Dear Sir:
This will confirm our telephone conversation of today.
The People will elect to proceed and give evidence in the trial of the above entitled action, as to counts 18, 19, 20 and 21, when the ease is moved for trial on June 1st, 1955.
Very truly yours,
Johx M. Liddy
District Attorney
Oneida County, N. Y.
When the second trial opened on June 1, 1955, the District Attorney notified the trial court that he was proceeding on *625 counts 18, 19, 20 and 21 and the stenographer’s minutes show that the court informed the District Attorney that the entire indictment was before the court and that if the District Attorney was of the opinion that he could try the other counts later, that he was in error. The trial then proceeded apparently without objection and evidence was presented by the People on the entire indictment.
After the People had rested their case, counsel for the defendant made the following motion:
“ I respectfully request the Court for an adjournment of this matter on behalf of the Defendant for ample time to prepare his case on the basis that under cover of letter dated May 24th, 1955 directed to myself as counsel for the Defendant and directed to me by the District Attorney of Oneida County, John M. Liddy, wherein the letter states and I quote: ‘ The People will elect to proceed and give evidence in the trial of the above entitled action as to counts eighteen, nineteen, twenty, and twenty-one when the case is moved for trial on June 1st, 1955 ’; and, on the basis of that letter I respectfully request an adjournment since the substance of the case being so material and being of such consequence the Defendant should not be prejudiced by the inability of himself or his counsel to adequately prepare for the ease after being notified on the later date of June 1st, the opening of this Court, that he had to proceed to trial on all counts without any opportunity afforded the Defendant or counsel for Defendant to prepare with respect to the other seventeen counts in the indictment, to which the District Attorney advised counsel for Defendant that he would not proceed.
‘ ‘ Mr. Liddy : May I in answer to that motion make one remark on the record? I would like it on the record that at the opening of this trial the People did elect to proceed on the four counts, and that the Court directed the People to proceed on all counts of the indictment; that the attorney for the Defendant was made fully aware of this proceeding; and that he at that time made no objection to that procedure.
‘ ‘ The Court : That is correct. This is the first objection on the part of the Defendant’s Attorney in reference to proceeding on all counts of the indictment. As the District Attorney Las just mentioned, no objection was made by him at that time, and now at the close of the People’s case it is too late; and the motion is denied. I want to state also I don’t Imow that the Court directed the District Attorney to proceed with all counts of the indictment, but I informed the District Attorney that all counts of the indictment would be before the Court at this trial.”
*626 Defendant’s counsel then took an exception to the court’s ruling and the trial proceeded and the defendant’s case was presented.
This court denied a hearing on this claim upon the ground that the error, if any, was an error of law which appeared on the face of the record and not encompassed within the writ of error coram nobis. (People v. Sadness, 300 N. Y. 69.)
Upon the hearing, it has been clearly demonstrated that the complaint is not that the District Attorney committed a fraud upon the defendant or upon the court but rather that the court erred in hot granting defendant an adjournment at the close of the People’s case. “ Coram nobis does not lie to test the validity of rulings made during the course of a trial ’ ’. (People v. Buck, 6 A D 2d 528, 530, supra [3d Dept., 1958].)
A party charged with a crime has no natural and inalienable right to a continuance and in the absence of a statute is not entitled to the same as a mere matter of right or of law. (People v. Horton, 4 Park. Or. Rep. 222.)
The statutory rights to an adjournment for the purpose of preparing for trial (Code Crim. Pro., § 357) are not applicable to the facts in the instant case.
Such an application for an adjournment is addressed to the sound discretion of the trial court. A defendant must avail himself promptly of his motion for an adjournment on the ground of surprise, or he may be deemed to have waived any objection based thereon.
Being discretionary, the trial court’s ruling refusing an application for an adjournment in a criminal case will not be disturbed on appeal in the absence of a clear abuse of discretion. (People v. Horton, 4 Park. Cr. Rep. 222, supra; People v. Robarge, 147 App. Div. 920; People v. Urban, 179 App. Div. 446; People v. Kerber, 172 App. Div. 755; People v. Hull, 251 App. Div. 40; People v. Jackson, 111 N. Y. 362; People v. Shea, 147 N. Y. 78.)
While the courts have said that a refusal of an adjournment to enable defendant’s own counsel to be present is a denial of due process and an abuse of discretion, this court’s attention is drawn to no case which goes so far as to hold that on the facts of the instant case, there was either an abuse of discretion which violated the due process clause or that such a claim is a proper subject for a writ of error coram nobis. Even an erroneous judicial ruling does not necessarily amount to a deprivation of “ due process of law” since “due process of law ” does not mean infallible process of law. (Commercial Ins. Co. v. Ramos, 243 P. 2d 488, 490.)
*627 In spite of the statement of defendant’s counsel at the hearing that he was prejudiced on the second trial by being forced to meet the issue on all 21 counts, he failed to set forth in what specific manner he was prejudiced. He had already prepared for the April, 1955 trial and in effect had a preview of the People’s case. On the second trial, the People and the defendant called substantially the same witnesses as on the first trial and there is no evidence that any witness defendant desired to call was not available. Mere inconvenience is not prejudice. The second trial consumed more than a week’s time and the intervening week end vitiated any claim of surprise.
I find as a matter of law that this is not a proper subject for coram nobis, and even if it were, I find as a fact that defendant-petitioner has not sustained his burden of showing that he was prejudiced by any refusal of the trial court to grant an adjournment. I further find as a fact that the District Attorney did not take unfair advantage of defendant’s counsel or mislead him into not preparing for trial.
The third alleged claim of error was that the court erred in denying petitioner access to the only means available to show the use of perjured testimony on the trial.
It is significant that nowhere in the petition does the defendant allege either in words or substance that the District Attorney knowingly permitted perjurious testimony to be introduced.
To entitle a defendant to a hearing on a writ of error coram nobis, it is necessary that he allege in his petition two things: (1) the substance of the alleged perjury and this with some particularity, and (2) an allegation to the effect that such perjury was knowingly employed by the District Attorney. In other words, the gist of such relief is the active fraud of a District Attorney which so offends our sense of justice as to require the court to take steps to right the wrong done.
Where a petition fails to allege the fact that the prosecutor possessed any knowledge either of the facts as to which the perjury had allegedly been committed or that the witnesses were perjuring themselves, no hearing is necessary. (People v. Oddo, 300 N. Y. 649, affg. 275 App. Div. 816; People v. Altruda, 5 NY 2d 970.)
The petition insofar as it advanced this claim reads as follows:
“ During the course of the trial, petitioner’s counsel became aivare that witnesses for the People had materially changed their testimony from that they gave under oath on the first trial. It was counsel’s opinion, from that those witnesses for the prosecution were perjuring themselves to the detriment of the defendant. (See Exhibit B, page 4).
*628 “ Since the only means available to contradict and impugn that perjury was to peruse the transcript of the first trial for comparison of the testimony, counsel moved the trial court for time to obtain a copy of the transcript for his use in cross-examination of the witnesses. The Court denied this motion, thus leaving petitioner and his counsel with no means to refute the perjurrers prejudicial testimony.
“ The fundamental requirements of Due Process under the Constitution of the United States and the State of New York, afforded this petitioner as a defendant in a criminal case, the right to cross-examine witnesses. This inalienable right of defense necessarily includes all means and opportunity to ascertain the truth and verity of the testimony of his accuser’s and where as in this case the People’s witnesses have altered their testimony to the point of perjury on a material issue — the defense was asserting a right by moving for an opportunity that would provide him with clear proof that perjury was being committed.
“ The trial court’s denial of counsel’s motion for time to obtain the transcript of those witnesses previous testimony was highly prejudicial to the defendant, and helpful to the prosecution. Such unfairness amounted to a deprivation and derogation of this petitioner’s right to a fair and impartial trial, and his right to due process and equal protection of the laws under the Constitution of the United States, the amendments thereto, and the laws of the United States and State of New York enacted pursuant thereto.” (Italics supplied.)
Far from being a complaint against the District Attorney, this petition complains of a ruling by the trial court denying bim an opportunity to obtain a transcript of the testimony.
The Exhibit B referred to in the petition was a letter from defendant’s counsel in 1956 to the defendant at Attica, explaining his difficulties during the trial and particularly the failure to file the notice of appeal. Nowhere therein is any claim made that the District Attorney knowingly used perjured testimony or even, as apparently claimed on appeal from the order denying the hearing, that defendant 1 ‘ was convicted as a result of perjured testimony which the District Attorney must have known to be false.”
Exhibit B insofar as it referred to perjury was not specific but consisted of vague generalities. It reads, in part: “ During the course of the second trial, you were well aware of how many perjuries were committed by every witness who took the stand, from the first to the last, particularly those who testified during the first trial. However, I appreciated my plight. I appreciated *629 that I could not contradict those witnesses and show to the court and to the jury that perjury was being committed and that they were changing their stories. I appreciated that the only way that that could be shown was by having a copy of the transcript of testimony of the first trial and at the termination of the proof of the prosecution, I asked for a recess for such time as would enable me to obtain the testimony of those witnesses who had been testifying and, who, in my opinion, were not telling the truth at the time of the second trial, all of which was denied me. In any event, even if I had been granted the time, I don’t know where I would have gotten the money to pay for that testimony since your family did not dig into its pockets and come up with the necessary cash as to afford you an adequate and fair trial under the circumstances. Of course, that is no fault of the District Attorney for the prosecution. It is up to the defendant to obtain the proper defense.” (Italics supplied.)
At a hearing, this court permitted the defendant to supply the deficiencies in the allegations of the petition in order to grant him a full and complete hearing. He was asked to outline the specific perjury claimed and was unable to do so except to say that he relied on Exhibit B. Further, he was unable to specifically claim that the District Attorney knowingly used perjured testimony except to say that the District Attorney had the previous transcript on his table during the trial.
Defendant’s former counsel was a witness at the hearing and was given an opportunity to outline from his trial notes any perjury by any prosecution witness. He was able to recall only two witnesses on one count of the indictment who he thought gave perjurious testimony. In the interest of fairness to the defendant and common decency to the District Attorney who prosecuted the case, this court ordered transcribed and made available to the defendant as part of the record the testimony of these two witnesses, both on the first trial and the second trial.
I find as a fact that there was no perjury committed by either witness. Assuming but not conceding, that there was willfully false testimony, and not as a result of a mistake by the witnesses, the defendant has still failed to prove that the District Attorney knowingly used any perjured testimony to obtain the conviction. (People v. Rupoli, N. Y. L. J., Nov. 17, 1954, p. 12, col. 5, affd. 286 App. Div. 1041, affd. without opinion 1 N Y 2d 780.)
The defendant’s claim as to perjured testimony is wholly without foundation.
Even if this claim be viewed as an erroneous judicial ruling this court does not feel that this is grounds for coram nobis relief. While our attention is drawn to the case of People v. Repetowski (229 App. Div. 375 [4th Dept.]) which reversed *630 a conviction on appeal in a case where defense counsel was unable to point out contradictions in testimony because a transcript was not available to him, this court does not feel that the Bepetowshi case would be grounds for coram nobis even when considered in conjunction with People v. Silverman (3 NY 2d 200).
People v. Silverman might lead to the assumption that although an error appears on the face of the record, it might still be the subject of coram nobis if it deprives the defendant of due process of law, particularly where it resulted in inadequate preparation by the defense.
It is significant, however, that in People v. Shapiro (3 N Y 2d 203), in a case decided the very same day as People v. Silverman, the Court of Appeals warned that the Silverman case was to be applied to its own particular facts and was not to be applied to every case of a failure of a trial court to grant an adjournment to enable counsel to adequately prepare for trial. The court said: “ In the Silverman case, the alleged lack of representation of counsel stemmed from the peremptory assignment of counsel over the defendant’s objections and the denial of the application for an adjournment to enable the counsel of defendant’s own choosing to prepare for trial. * * * Here, however, the defendant’s attorneys, alerted by the errors apparent on the face of the record, were entirely free to move for a new trial or assign the failure to observe the requirements of section 427 of the Code of Criminal Procedure as an error on the appeal. Such a procedural error may not now be asserted as a basis for coram nobis. The writ of error coram nobis may not be used as a vehicle for an additional appeal or a belated motion for a new trial which, although available to the defendant after verdict (Code Crim. Pro., § 465), was not made.” (People v. Shapiro, 3 N Y 2d 203, 205-206.)
The fourth alleged error is the claim that defendant’s conviction was based on the use of a confession obtained under duress and the trial court erred in admitting said confession in evidence.
This ground is without foundation. Due process is not lacking where upon facts permitting different conclusions it is left to the jury, under a proper submission, to say whether or not there was “coercion”. (People v. Perez, 300 N. Y. 208, 216; People v. Leyra, 302 N. Y. 353, 364.) This has never been held to be a proper subject for coram nobis.
In the case of People v. Caminito (3 N Y 2d 596, 601) there was a companion appeal of defendant Noia on a writ of error *631 coram nobis. There, Noia asked that since the United States Supreme Court had reversed the conviction of the other defendant based upon a coerced confession that although he had not appealed the conviction, the judgment of conviction ought to be set aside by writ of coram nobis. This was denied in an opinion which is conclusive in the instant case. The court said: “ Nor does the revitalization of coram nobis in this state since 1943 (see Matter of Lyons v. Goldstein, 290 N. Y. 19) change that and afford Noia a remedy in the courts. We have already adverted to the fact that at the trial the defendant claimed that his confessions were procured through coercive methods. The court left that question to the jury, and, when its finding proved adverse to his contention and a judgment of conviction was rendered against him, Noia could have had the issue reviewed, as did his codefendants, on appeal and in the subsequent proceedings. His failure to pursue the usual and accepted appellate procedure to gain a review of the conviction does not entitle him later to utilize the present day counterpart of the extraordinary writ of error coram nobis. (See, e.g., People v. Sullivan, 3 N Y 2d 196, 198.) And this is so even though the asserted error or irregularity relates to a violation of constitutional right. (See Davis v. United States, 214 F. 2d 594, 596, cert, denied 353 U. S. 960; Howell v. United States, 172 F. 2d 213, 215, cert, denied 337 U. S. 906.) While the scope of coram nobis has been somewhat expanded beyond its original office (see, e.g., People v. Shaw, 1 N Y 2d 30; People v. Kronich, 308 N. Y. 866), it still remains an emergency measure employed for the purpose for which it was initially designed, of calling up facts unknown at the time of the judgment. The present, quite obviously, is not such a case.”
The ancient writ of error coram nobis developed in the common law of England because of the absence of any provision for appeal and was designed to provide a means to redress obvious miscarriages of justice.
The modern counterpart of the ancient writ of coram nobis bears little resemblance to its predecessor. A product of judicial creation, it is fast becoming a Frankenstein which threatens to engulf the courts which created it and to nullify some of our most fundamental rules of law. (See “Coram Nobis — Panacea or Carcinoma ”, 7 Hastings L. J. [Nov., 1955], p. 48 et seq.)
Upon careful consideration of all of the evidence and contentions of the defendant-petitioner at the hearing, it is quite apparent that all his efforts are directed toward converting the writ of error coram nobis into the one purpose which it was *632 never intended to serve — a vehicle for securing a review of the conduct of a trial after the time to appeal has expired. No matter by what door he seeks to enter, the purpose is the same.
To grant this application would open the door to a new flood of applications by dissatisfied prisoners, inundating our trial courts, requiring the People to prove its case twice if it can find its witnesses again, and encouraging a cancerous growth in our body of law.
To grant this application in the absence of a pronouncement by an appellate court that the writ of error coram nobis should be expanded to the extent sought by the defendant, would be precedent shattering.
This court would not hesitate to create precedent were it convinced, which it is not, that any substantial right of the defendant had been impaired or that the trial in 1955 was conducted in any manner in violation of due process of law.
The court wishes to express to Anthony Femicola, Esq., its appreciation of the able and conscientious manner in which he has represented the defendant-petitioner by assignment. His services have been rendered in accordance with the highest traditions of the Bar. The application is denied on the facts and on the law and the petition is dismissed.