UNITED STATES ex rel. Manuel ORTIZ, Relator,

v.

Walter M. WALLACK, Warden of Wallkill State Prison, Wallkill, New York, Respondent.

United States District Court
S. D. New York.

Jan. 26, 1965.

Manuel Ortiz, pro se.

Louis J. Lefkowitz, Atty. Gen., Albany, N. Y., by Iris Steel, Asst. Atty.

Gen., New York City, of counsel, for respondent.

EDELSTEIN, District Judge.

This is an application for a writ of habeas corpus on the grounds that the applicant is being held in custody in violation of the Constitution of the United States. 28 U.S.C. § 2241(c) (3) (1959).

Petitioner was sentenced to a term of four to eight years, as a first offender, after pleading guilty in County Court, Bronx County, now the Supreme Court of Bronx County, to robbery in the third degree. In his application for habeas corpus he alleges, in substance, that shortly after his arrest he was denied permission to call counsel of his own choosing and that a confession was subsequently beaten out of him. He further alleges, in effect on information and belief, that the indictment to which he ultimately pleaded guilty was based on this coerced confession. Petitioner also alleges that his subsequently obtained private counsel told him that "since I had confessed, I could not successfully fight the case so I pleaded guilty to Robbery in the fi [sic] 3rd Degree."

The petitioner thereafter moved in the Supreme Court, Bronx County, to vacate the judgment of conviction on the ground that the district attorney had withheld evidence establishing that he was not at the scene of the crime, did not participate in its commission and that he was innocent in all respects. This application was denied by Judge Charles Marks on March 24, 1964. A second motion to vacate judgment was brought in that same court on the ground that petitioner was tricked into pleading guilty by the district attorney who allegedly failed to keep his promise to call petitioner's cooperation to the attention of the sentencing judge. This motion was denied by Judge William Lyman on October 21, 1964. A third motion to vacate the judgment of conviction was brought on the grounds that petitioner was drunk at the time he gave the gun (that was used in the robbery) to a co-defendant and had no awareness that the co-defend-ant was going to use it to commit a crime. Petitioner also alleged that he had attempted to discourage his four co-defendants from holding up anyone. This motion was denied on December 28, 1964, by Judge Francis Murphy, Jr., of the Bronx County Supreme Court.

The New York courts denied all of these motions to vacate judgment on the merits. They would, if given the opportunity, deal with the factual allegations raised in the instant petition now before this Court. An improperly induced plea of guilty is subject to attack by a motion to vacate judgment on a writ of error *coram nobis*, as that writ has been traditionally interpreted by the New York courts, see Lyons v. Goldstein, 290 N.Y. 19, 47 N.E.2d 425, 146 A.L.R. 1422 (1943), and petitioner may "move to dismiss the indictment when the judgment * * * [is] set aside." People v. Nitzberg, 289 N.Y. 523, 531, 47 N.E.2d 37, 41, 145 A.L.R. 482 (1943). See N.Y. Code Crim.Proc. § 249 (indictment must be based on legally competent evidence).

The traditional writ of error *coram nobis*, moreover, has been expanded by the New York courts when the interests of justice require.

"[T]he scope [of *coram nobis*] will be expanded where the allegations of 'injury done to the defendant would deprive him of due process of law.'" People v. Codarre, 10 N.Y. 2d 361, 363–364, 223 N.Y.S.2d 457, 458, 179 N.E.2d 475, 476 (1961).

See People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179, Jan. 7, 1965; People v. Silverman, 3 N.Y.2d 200, 165 N.Y.S.2d 11, 144 N.E.2d 10 (1957); People v. Sullivan, 3 N.Y.2d 196, 165 N.Y.S.2d 6, 144 N.E.2d 6 (1957). Compare People v. Sadness, 300 N.Y. 69, 89 N.E.2d 188 (1949), with People v. Robertson, 12 N.Y.2d 355, 239 N.Y.S.2d 673, 190 N.E.2d 19 (1963). Petitioner may also avail himself of the new New York Civil Practice Law and Rules (CPLR) § 7002(a) which authorizes a state habeas corpus proceeding by "[a] person illegally imprisoned or otherwise restrained * * * with-

in the state." The writ in most instances is returnable only in the county where the petitioner is detained. CPLR § 7004(c). Since the state courts have never been given the opportunity to pass on the factual allegations now made by the petitioner it is clear that he has failed to exhaust his presently available state remedies. 28 U.S.C. § 2254 (1959); United States ex rel. Krzywosz v. Wilkins, 336 F.2d 509, 511 (2d Cir. 1964). See Fay v. Noia, 372 U.S. 391, 418–420, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner, however, relying on footnote 1 to Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 38 U.S. 368, 12 L.Ed.2d 908. (1964),[1] argues that he has not knowingly waived his federal claims and therefore his application is not barred by the requirement of exhaustion of state remedies. Although in Jackson the applicant had not raised, in the state courts, the *legal* issue of the constitutionality of the New York procedure for determining whether confessions were coerced, he had at least given the state courts the opportunity to pass on his *factual* allegation that the confession was coerced. In the instant case, however, no opportunity has been granted to the state courts to pass on the factual allegations made by petitioner and therefore the exhaustion requirement has not been satisfied. United States ex rel. Krzywosz v. Wilkins, supra, decided by the Second Circuit almost three months after Jackson, is consistent with such an interpretation.

The application is denied " 'without prejudice to a renewal of the same,' " Fay v. Noia, supra, 372 U.S. at 419, 83 S.Ct. at 838, if the New York courts fail to protect the applicant's constitutional rights.

Application denied.

---

1. "There is no claim in this Court that the constitutionality of the New York procedural rule governing admission of confessions is not properly before us. Although it appears that this issue was not seasonably tendered to the New York courts, exhaustion requirements were satisfied and the Federal District Court ruled on the merits of the issue, as our decision last Term in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, clearly requires:

"'[W]e have consistently held that federal court jurisdiction is conferred by the allegation of an unconstitutional restraint and is not defeated by anything that may occur in the state court proceedings. State procedural rules plainly must yield to this overriding federal policy.' Id., 372 U.S. at 426–427, 83 S.Ct. at 842.

"No one suggests that the petitioner, Jackson, 'after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures,' the only ground for which relief may be denied in federal habeas for failure to raise a federal constitutional claim in the state courts. Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 849. See also Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461."