■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERIBERTO CANDELARIO, Appellant.—Judgment of the Supreme Court, New York County (Jerome W. Marks, J.), rendered April 14, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him to a term of 1 to 3 years, unanimously affirmed.

Defendant was arrested for selling heroin to undercover Police Officer Nelson Vargas. At trial, on the People's direct case and over objection by defendant, Officer Vargas was permitted to testify to the description of the person who sold him the heroin, which he radioed to his backup team. On appeal, defendant argues that this testimony impermissibly buttressed the reliability of Vargas' identification of the defendant at trial.

We find that Officer Vargas was properly permitted to testify to the defendant's physical characteristics, which he noted prior to and during the sale of the heroin to demonstrate the basis for the backup officer's appearance on the scene and arrest of the particular person described *(see, People v Love,* 92 AD2d 551; *People v Switzer,* 115 AD2d 673). In the absence of such testimony, the jury would be left to speculate as to the basis for defendant's arrest, and the defense would be able to argue "mistaken identification" on summation.

Since 1927, when section 393-b of the Code of Criminal Procedure was enacted *(see,* current CPL 60.30), a witness is permitted to testify as to a previous identification by himself of an accused, while another person, other than the identifier, is still prohibited from testifying as to that identification *(People v Trowbridge,* 305 NY 471, 476-477; *People v Caserta,* 19 NY2d 18, 21). The testimony introduced herein does not differ, in principle and in practical effect, from testimony by an eyewitness that he previously identified an accused, which is clearly permitted by CPL 60.30. In each case, the essential fact being conveyed to the jury is that the witness observed features of the individual who was seen to commit a crime, sufficient to later identify the accused as that person.

We further observe that Officer Vargas' testimony that he radioed to his backup team the description of the person who sold him heroin was not characterized by the two most important elements which make hearsay testimony prejudicial and, therefore, inadmissible. There was no violation of the Confron-

tation Clause, because Officer Vargas was subject to cross-examination by the defendant *(cf., People v Jimenez,* 102 AD2d 439, 442). Nor was there a parade of witnesses whose testimony was introduced to bolster Officer Vargas' testimony. That danger was summarized by the Court of Appeals in *People v Caserta (supra,* at 21): "Where the opportunity for observation is limited and the opportunity and ability of the witness to identify the defendant is questionable, it is all too easy to bolster such testimony by calling a succession of witnesses who swear that they saw and heard him identify the same person on previous occasions. This tends to give the idea to a jury that there is an impressive amount of testimony to identification when such is really not the fact."

To the extent that *People v Luciano* (64 AD2d 614 [2d Dept 1978]) may be read to exclude Officer Vargas' testimony, we decline to follow it. That case is distinguishable in that the police officer to whom a sale of drugs was made was permitted to testify as to what he had reported to members of the backup team after the sales were made *and after the defendant's arrest.* The court therein also found it significant that, during the deliberations, the jury asked that that testimony be reread. The three cases cited in the *Luciano* memorandum opinion were all cases in which *third persons* were permitted to testify as to identifications made by a sole eyewitness to a crime *(People v Trowbridge, supra; People v Quiles,* 59 AD2d 950; *People v Napoletano,* 58 AD2d 83). Also to be distinguished is *People v Soto* (146 AD2d 657), which involved a *Trowbridge*-type error where the arresting officer testified about the radioed description he received from an undercover officer, thereby bolstering the testimony of the undercover officer. Finally, if the testimony in the matter under review were to be deemed inadmissible hearsay, we would find, upon the entire record, that the error was harmless *(People v Crimmins,* 36 NY2d 230).

We have examined defendant's other contentions regarding remarks made by the prosecutor during summation and find them to be without merit. Concur—Murphy, P. J., Ross, Milonas, Kassal and Rubin, JJ.