**9** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL MORALES, Appellant.—

Initially, we note that, contrary to defendant's arguments, his guilt was established beyond a reasonable doubt and that there is no basis to disturb the jury's verdict which was not against the weight of the evidence and rested on determinations of credibility. *(See, People v Malizia,* 62 NY2d 755.) The wheelchair-bound victim had previously known the defendant and had ample opportunity to observe him during the commission of the crime, thereby supporting her identification testimony. The court properly instructed the jury regarding the People's burden to disprove defendant's alibi defense beyond a reasonable doubt and the evidence supports the jury's verdict which implicitly rejected that defense.

Nor do we find that a reversal is warranted by reason of the court's excusal of a sworn juror on the second day of trial, prior to the commencement of the People's case. The court waited 50 minutes for the juror to appear and made repeated efforts to locate the juror and ascertain the circumstances of the juror's absence, all of which were set forth on the record, before excusing the missing juror and replacing him with an alternate. Accordingly, given the early stage of the trial and the reasonable attempt to locate the juror, it cannot be said that the court abused its discretion in excusing the juror and the conviction should be affirmed. *(See, People v Page, People v Washington,* 72 NY2d 69, 73-74.) Concur—Kupferman, P. J., Asch, Ellerin and Smith, JJ.