■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL STEELE, Appellant.—Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J., at hearings, trial and sentence), rendered September 14, 1988, which convicted defendant, after a jury trial, of third degree robbery and sentenced him, as a second felony offender, to an indeterminate prison term of 3½ to 7 years, is unanimously affirmed.

At the start of trial, one of the selected jurors failed to appear. When a telephone call was placed to the missing juror's home, it was learned that the juror and his wife had left their home (also in The Bronx) at 9:30 A.M. for an unknown destination. When the juror still had not appeared at 11:35 A.M., the court discharged him and substituted an alternate, over defense objections. The record shows that the Trial Judge made a reasonable attempt to ascertain the whereabouts of the absent juror, why the juror was absent, and when the juror would be present (People v Page, 72 NY2d 69, 73 [1988]). Under the circumstances, it was not an abuse of discretion for the Trial Judge to replace the juror with the first alternate. (People v Morales, 158 AD2d 404 [1st Dept 1990].)

Contrary to defendant's assertion, the court properly received into evidence the testimony of two police officers to the effect that each had canvassed the area of the crime with the complainant before arresting the defendant. This testimony was necessary to explain the actions of the police officers in making the arrest and to prevent speculation by the jury as to the basis for the arrest. (See, People v Candelario, 156 AD2d 191 [1st Dept 1989].) Concur—Rosenberger, J. P., Kassal, Ellerin, Smith and Rubin, JJ.