■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE CAMPBELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered June 14, 1989, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Pesce, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court denied that branch of the defendant's omnibus motion which was to suppress the station house showup identification of the defendant by an eyewitness, finding that because the witness knew the defendant before the offense was committed, the identification procedure was "merely confirmatory". The defendant contends for the first time on appeal that the court's finding was erroneous because the People failed to present sufficient evidence at the hearing of the witness's familiarity with the defendant *(see, People v Rodriguez,* 79 NY2d 445). However, at the hearing, the defense counsel did not challenge the testimony of the police that the witness knew the defendant, and reported that she had seen him on the street in the neighborhood where she lived for a long period of time. Instead, counsel argued that

the showup had not been "confirmatory" because it had not been conducted for the convenience of the accused or of the witness who made the identification after being brought to the precinct at four o'clock in the morning. Moreover, instead of moving for suppression on the ground that the witness was unfamiliar with the defendant, and therefore was unable to make a reliable identification, counsel stated that the issue of whether she had known him prior to the incident in question should be left to be determined at the trial. Thus, defense counsel did not alert the hearing court to the defendant's present argument and thereby failed to preserve the issue for appellate review (see, CPL 470.05 [2]; *People v Gomez*, 67 NY2d 843, 845).

The hearing court determined that the station house showup identification was "merely confirmatory". We conclude that suppression was properly denied based upon the police testimony which was received at the hearing without objection. The court's denial of suppression was supported by the hearing evidence (see, *People v Johnson*, 124 AD2d 748, 749).

Viewing the evidence adduced at the trial in a light most favorable to the People (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the first degree and criminal possession of a weapon in the second degree beyond a reasonable doubt. The testimony of the eyewitness established that the defendant, armed with a loaded firearm, accompanied his codefendant to a building on Kings Highway in Brooklyn, and acted as a lookout while his codefendant stabbed the victim three times in the chest. Afterwards, as the victim was lying on the floor mortally wounded, the defendant pulled out his gun and fired it at him.

The defendant contends that the jury should not have believed the eyewitness because she was an admitted drug user and incapable of making a reliable identification. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, *People v Gaimari*, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, *People v Garafolo*, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either unpre-

served for appellate review (see, CPL 470.05 [2]) or do not warrant reversal. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.