■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS FORD, Appellant. [600 NYS2d 13] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered September 20, 1991, convicting defendant, after a jury trial, of criminal possession of stolen property in the third degree and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

Defendant was stopped by police officers as fitting the description of the driver of a vehicle that was abandoned after an accident, and which, it turned out, was stolen. Defendant was taken to the scene of the accident in handcuffs where the sole eyewitness identified him as the driver of the stolen vehicle. The witness could not identify any of the passengers he had seen flee the vehicle with defendant, and at least one person shown to him at the time of the defendant's identification was released.

Admission of the eyewitness's testimony of the description he gave to police officers when they came upon the accident scene was not improper bolstering of the witness's identification, a description being ordinarily admissible if offered by a person who has previously identified the accused *(see, People v Fortunato,* 191 AD2d 221, citing *People v Candelario,* 156 AD2d 191, *lv denied* 75 NY2d 964). Moreover, such testimony, as well as that of the police officer concerning a radio call of shots fired, was necessary to explain the officers' pursuit and stop of defendant, and to prevent speculation by the jury as to the basis for his detention and arrest *(see, People v Candelario, supra; see also, People v Steele,* 162 AD2d 128, *lv denied* 76 NY2d 866). While defendant's showup identification may have been suggestive, shown as he was to the witness after arriving in a police car while handcuffed, the circumstances were not so suggestive as to require a new suppression hearing *(see, People v Duuvon,* 77 NY2d 541, 545).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Kupferman, Asch and Rubin, JJ.