THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO COTTO PEREZ, Also Known as MELVIN VIDRO, Appellant. [610 NYS2d 483] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered June 30, 1992, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The trial court properly denied defendant's application to discharge the panel of prospective alternate jurors because of "taint" created by the trial court's reference to defendant's use of an alias, and his subsequent application for a mistrial on the ground that the two alternate jurors chosen and eventually substituted for sitting jurors "tainted" the entire jury. Defendant's claim that the jurors in question brought a

"built-in bias" to jury deliberations is mere speculation. There is no evidence in the record that the fleeting reference to defendant's use of two different names, followed by the trial court's specific instruction prohibiting any inference whatsoever on that issue, which the jurors in question are presumed to have understood and followed (People v Davis, 58 NY2d 1102, 1104), served to frustrate defendant's right to a fair trial (see, People v Horney, 112 AD2d 841, 842).

The undercover officer's testimony regarding identification procedures did not, as defendant argues, constitute unqualified expert testimony on the subject of eyewitness identification, but rather related only to the witness' own training, and the court avoided any prejudice to defendant by pointing out to the jury that such training did not guarantee that the officer would make a reliable identification. Additionally, the undercover officer's testimony regarding a typical buy and bust operation was appropriately limited to providing the jury with an understanding of the officers' actions (People v Almodovar, 178 AD2d 133, lv denied 79 NY2d 943).

Defendant failed to preserve by appropriate objection any claim of error in the arresting officer's testimony that defendant was arrested based upon the undercover officer's radio description. In any event, such testimony was properly admitted to provide a necessary explanation of the events that precipitated defendant's arrest (People v Hynes, 193 AD2d 516, lv denied 82 NY2d 755).

While the court might better have admonished defense counsel at sidebar, in light of the prompt curative instruction, which the jurors assured the court they would follow, as well as the overwhelming nature of the evidence against defendant, there is no reasonable likelihood that the jury based its verdict on anything other than the competent evidence presented (see, People v Rodriguez, 103 AD2d 121, 129).

As defendant failed to controvert his predicate felony status at the predicate felony hearing, any question concerning whether his Pennsylvania conviction for aggravated assault is equivalent to a felony conviction in New York State is unpreserved for appellate review as a matter of law (People v Smith, 73 NY2d 961, 962-963). In any event, the relevant Pennsylvania statute and the underlying accusatory instrument indicate that the crimes to which defendant pleaded guilty in Pennsylvania in 1989 constitute the equivalent of second degree assault convictions under New York State law (see, People v Muniz, 74 NY2d 464, 468).

Reviewing the record without the benefit of additional background facts that might have been developed had an appropriate postjudgment motion been made pursuant to CPL 440.10 *(People v Love,* 57 NY2d 998, 1000), we cannot conclude that defendant's counsel was ineffective *(see, People v Baldi,* 54 NY2d 137). Concur—Carro, J. P., Wallach, Rubin and Nardelli, JJ.