■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREG CANTY, Appellant. [617 NYS2d 169] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered April 22, 1992, convicting defendant, after jury trial, of four counts of robbery in the first degree, and sentencing him, as a second violent felony offender, to four concurrent terms of 12 to 24 years, unanimously affirmed.

The accomplice testimony was adequately corroborated by non-accomplice testimony that defendant had a motive for the robbery, as well as the opportunity to plan for it, and was observed immediately prior to the robbery in possession of a gun (later found secreted in defendant's apartment) that appeared to be the same gun used during the robbery, while utilizing a telephone near the robbery location at the time

reported by the accomplice to be the occasion defendant chose to convey to the accomplice instructions regarding the robbery *(see, People v Dory,* 59 NY2d 121, 129).

Defendant failed to preserve his current claim of bolstering by appropriate objection *(see, People v Nuccie,* 57 NY2d 818). In any event, police testimony regarding the accomplice's stationhouse statements inculpating defendant and the prior information conveyed to the police that prompted the questioning of the accomplice was properly admitted both for the purpose of presenting the jury with a complete narrative of events leading to defendant's arrest *(see, e.g., People v Ford,* 195 AD2d 298, *lv denied* 82 NY2d 805), and to rebut defendant's contention, explored through cross-examination of the witness, that the accomplice had incriminated defendant solely for purposes of diverting suspicion from himself and avoiding arrest *(see, People v Melendez,* 55 NY2d 445, 452).

The trial court properly instructed the jury regarding evaluation of the accomplice testimony *(see, People v Moses,* 63 NY2d 299, 306), and appropriately itemized the pieces of evidence which could be considered by the jury as corroborative of the accomplice testimony *(People v Baker,* 23 NY2d 307, 325). In this connection, defendant waived any claim of error regarding the trial court's omission of a specific instruction that defendant disagreed with the People's view that certain evidence corroborated the accomplice testimony by specifically requesting that the court not so charge the jury.

We have considered defendant's additional claims of error and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.