■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BROOKS, Appellant. [621 NYS2d 11] —Judgment, Supreme Court, New York County (Felice Shea, J.) rendered December 18, 1992, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him, as a second felony offender, to a term of 16 years to life, unanimously affirmed.

Viewing the evidence in a light most favorable to the People, and giving due deference to the jury's findings of credibility, defendant was convicted by overwhelming evidence, and the verdict was not against the weight of that evidence *(People v Bleakley,* 69 NY2d 490, 494-495). All of defendant's other claims are unpreserved as a matter of law and in any event do not warrant corrective action. Concerning severance *(People v McGee,* 68 NY2d 328, 333-334), defendant has not demonstrated that the core of each defendant's defense was in irreconcilable conflict *(People v Mahboubian,* 74 NY2d 174, 184). Concerning the evidence that defendant was a local drug dealer, such was relevant to establish defendant's motive for the killing *(People v Williams,* 193 AD2d 408, *lv denied* 82 NY2d 729; *People v Cascoigne,* 189 AD2d 714, *lv denied* 81 NY2d 1012; *People v Powell,* 157 AD2d 524, *lv*

*denied* 75 NY2d 923), to rebut defendant's theory that he was not the initial aggressor *(People v DeFairia,* 186 AD2d 366, *lv denied* 81 NY2d 761), and to establish identity, at least to the extent that eyewitnesses recognized that defendant, rather than a coperpetrator, had delivered the fatal blow, and much of the claimed hearsay *(People v Medina,* 53 NY2d 951), served to explain why defendant was arrested *(People v Perez,* 203 AD2d 123, *lv denied* 83 NY2d 970).

By failing to seek redress pursuant to CPL 440.10, defendant has failed to present a record adequate to permit review of his claim of incompetent trial representation *(People v Brown,* 45 NY2d 852, 853-854; *People v Dowdy,* 196 AD2d 747, *lv denied* 82 NY2d 849), and, on the present record, no basis exists to find that the presumption of competent representation has been overcome *(People v Kirkland,* 192 AD2d 414, *lv denied* 81 NY2d 1075). Concur—Ellerin, J. P., Ross, Rubin, Nardelli and Williams, JJ.