■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUGUSTINE SERRANO, Appellant. [631 NYS2d 340] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered August 11, 1992, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant's claim that the police should have conducted a lineup rather than show him to the identifying witness while he was handcuffed is unpreserved for appellate review as a matter of law (CPL 470.05 [2]), and we decline to review it in the interest of justice. If we were to review it, we would find that the challenged showup, which took place some 45 minutes after the crime and some 120 blocks distant from the crime scene where defendant was apprehended after a car chase, was part of a single unbroken chain of exigent events (*People v Duuvon*, 77 NY2d 541, 544-545). The exigency of the showup was not disproved by the fact that the codefendant was identified in a later lineup by another witness, since defendant's showup identification as the shooter by an eyewitness to the shooting itself was the first identification linking any of the three occupants of the fleeing car to the shooting. Nor was the

showup procedure unduly suggestive (*see, People v Ford*, 195 AD2d 298, *lv denied* 82 NY2d 805; *People v Stafford*, 215 AD2d 212).

The trial court properly denied defendant's request for a *Frye* hearing (*Frye v United States*, 293 F 1013) to determine the admissibility of expert testimony regarding the use of a scanning electron microscope to analyze the chemical composition of particles recovered from defendant's skin for the presence of lead indicative of gunshot residue. As defendant conceded at trial, scientists have been using the device for many years to identify the chemical composition of substances. The concerns defendant raised, including that the New York City police have only recently begun using the device, and that no samples were taken from the arresting officers, went to the weight, not the admissibility, of the expert testimony (*see, People v Wesley*, 83 NY2d 417, 429). Concur—Sullivan, J. P., Rubin, Kupferman, Asch and Nardelli, JJ.