■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY ELLIOT, Appellant. [632 NYS2d 114] Judgment, Supreme Court, New York County (Richard Lowe, III, J., at hearings; Michael Obus, J., at trial and sentence), rendered May 13, 1993, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed. Since defendant did not object to the arresting officer's reference to a conversation with a nontestifying person, the issue as to whether such reference violated defendant's right to confrontation is unpreserved for appellate review as a matter of law (*see, People v Canty*, 208 AD2d 405, 406, *lv denied* 84 NY2d 1029), and we decline to review it in the interest of justice. Were we to review it, we would find that the reference to a 30-second conversation with a woman encountered at the scene who identified herself as the person who made the 911 call, pointed down an alley, and then went inside the building, was appropriate narrative necessary to explain why the officer then proceeded down the alley, where he noticed an open window with a missing security bar and defendant standing inside a disheveled apartment (*see, People v Perez*, 203 AD2d 123, 124, *lv denied* 83 NY2d 970). We have reviewed defendant's argument that he was denied a fair trial by the prosecutor's summation, and find it to be without merit (*see, People v McCray*, 167 AD2d 304, *lv denied* 77 NY2d 880; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Murphy, P. J., Rubin, Kupferman and Williams, JJ.