■ The People of the State of New York, Respondent, v Charlie Terry, Appellant. [637 NYS2d 694] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered June 29, 1993, convicting defendant, after a jury trial, of burglary in the first degree and assault in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 9 to 18 years and $3^1/2$ to 7 years, respectively, unanimously affirmed.

Defendant claims that the People's failure to call the identifying witness at the Rodriguez hearing deprived him of his right of confrontation; and that the police officers' hearsay

testimony concerning what the witness told them about her familiarity with defendant was insufficient to establish that the identification was confirmatory, are unpreserved for appellate review as a matter of law (CPL 470.05 [2]; *see, People v Iannelli*, 69 NY2d 684), and we decline to review them in the interest of justice (*see, People v Campbell*, 187 AD2d 442, *lv denied* 81 NY2d 837). Nevertheless, were we to review these claims, we would find them to be without merit (*People v Won*, 208 AD2d 393, *lv denied* 84 NY2d 1040) as hearsay evidence is admissible at suppression hearings (CPL 710.60 [4]; *People v Campbell, supra*, at 443).

Also unpreserved for our review are defendant's claims that the trial court's instructions were an inadequate response to the prejudice caused by the complainant's testimony concerning defendant's selling of drugs, a crime with which he was not charged (*People v Santiago*, 52 NY2d 865; *People v Stokes*, 214 AD2d 326, *lv denied* 86 NY2d 741); and that the prosecutor's arguments in summation based on such drug sales were improper (*People v Balls*, 69 NY2d 641), and we decline to review them in the interest of justice.

Were we to review these claims, we would find that the court's limiting instructions, given during the complainant's testimony and again during the jury charge, were adequate to alleviate any prejudice to the defendant (*People v Johnson*, 216 AD2d 583, *lv denied* 86 NY2d 796). Further, evidence concerning those sales was properly admitted to establish that defendant's motive for stabbing the complainant was to punish him for not turning over money owed for previous drug sales (*People v Alvino*, 71 NY2d 233, 241-242; *People v Brooks*, 210 AD2d 148, *lv denied* 84 NY2d 1029). We would also find that the prosecutor's comments, which merely restated certain facts set forth during the complainant's testimony, were proper (*People v Ashwal*, 39 NY2d 105).

Lastly viewing the evidence in the light most favorable to the People (*People v Contes*, 60 NY2d 620, 621), it was sufficiently established that defendant and his three cohorts, with the intent to commit a crime therein, tricked the complainant's girlfriend, the identifying witness, into opening the door of the apartment and pushed their way in (*People v Barnes*, 50 NY2d 375; *People v Anderson*, 103 AD2d 1011), and, once in the apartment, to cause physical injury to the complainant by attacking him (*People v Jennings*, 188 AD2d 552).

We perceive no abuse of discretion in the sentences imposed. Concur—Murphy, P. J., Rosenberger, Rubin, Tom, and Mazzarelli, JJ.