■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY LEE SIMPSON, Appellant. [682 NYS2d 376] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered

November 29, 1995, convicting defendant, after a jury trial, of six counts of murder in the second degree and eight counts of robbery in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 100 years, unanimously affirmed.

The court's finding that a reasonable man, innocent of any crime, would not have thought that he was in custody, is entitled to great weight on appeal (*People v Yukl*, 25 NY2d 585, *cert denied* 400 US 851), and is borne out by the record, which reveals that defendant voluntarily accompanied the officers to the precinct. Moreover, the record fails to support defendant's contention that he was too intoxicated to properly evaluate whether he was, in fact, free to leave. Accordingly, the court properly denied defendant's motion to suppress his statements and the physical evidence recovered from his hotel room and locker, a search to which, we note, defendant consented.

Defendant contends that the repeated admission of the hearsay statements of the severed codefendant, implicating him in the murders, deprived him of his rights to confrontation and a fair trial. However, defense counsel opened the door to such testimony by arguing, in his opening statement, that the codefendant had called the police and turned defendant in, and by indicating that he would challenge the propriety of defendant's arrest (*see, People v Blakeney*, 88 NY2d 1011). In addition, after the introduction of this testimony and after defense counsel failed to raise the propriety of defendant's arrest during trial, the prosecutor moved to have the court instruct the jury to disregard all of the codefendant's statements as well as a detective's testimony recounting his conversations with his lieutenant concerning the statements. The court then charged the jury, *inter alia*, that it was to disregard the testimony concerning the co-defendant's statements "entirely and completely". Since the court struck the testimony concerning statements made by the co-defendant inculpating defendant, and the jury is presumed to have followed the court's instruction (*People v Davis*, 58 NY2d 1102), defendant's contention that his rights were violated by the introduction of this testimony is without merit. In any event, the testimony concerning the co-defendant's statements was properly admitted in the first place since it demonstrated how the police came to view defendant as a suspect in the crimes (*People v Canty*, 208 AD2d 405, *lv denied* 84 NY2d 1029).

The court properly exercised its discretion in denying defendant's motion to admit an excerpt from the prosecutor's

summation in the co-defendant's case into evidence at his trial (*United States v Walker*, 142 F3d 103, 109, *cert denied* 525 US 896; *United States v McKeon*, 738 F2d 26).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Nardelli, Williams, Tom and Andrias, JJ.