THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD CLARK, Appellant. [692 NYS2d 274] —Judgment unanimously affirmed. Memorandum: Supreme Court erred in denying defendant's motion to suppress identification testimony without placing its findings of fact and conclusions of law upon the record as required by CPL 710.60 (6) (*see, People v Smith*, 179 AD2d 1022, *lv denied* 79 NY2d 1007). "The failure to do so is not fatal, however, where, as here, there has been a full and fair hearing. In such instances, this court may make its own findings of fact and conclusions of law" (*People v Lewis*, 172 AD2d 1020, 1021). Defendant contends that one of two showup identifications was unduly suggestive. We disagree. The showup took place in the parking lot outside a police station (*cf., People v Duuvon*, 77 NY2d 541, 544; *People v Riley*, 70 NY2d 523, 529-531), within a two or three minute ride from the scene and about an hour and a half after the crime (*see, People v Woods*, 238 AD2d 900, 901, *lv denied* 90 NY2d 912; *People v Smythe*, 210 AD2d 949, *lv denied* 85 NY2d 943). The witness observed defendant while he stood next to a police car with a police officer standing with him. The fact that the showup occurred in police presence does not render the showup unduly suggestive (*see, e.g., People v Presley*, 231 AD2d 847, *lv denied* 89 NY2d 928; *People v Torres*, 210 AD2d 875, *lv denied* 85 NY2d 944).

At the *Wade* hearing, defendant objected to a photo identification procedure on the ground that the People failed to produce the photograph. Thus, defendant failed to preserve for our review his present contention that the evidence of the witness's familiarity with defendant was insufficient to establish that the identification was confirmatory (*see, People v Terry*, 224 AD2d 202, 202-203, *lv denied* 88 NY2d 943; *People v Campbell*, 187 AD2d 442, 442-443, *lv denied* 81 NY2d 837). Were we to review the issue as a matter of discretion in the interest of justice, we would conclude that the testimony of the officer who conducted the procedure is sufficient to establish that there was a prior relationship between the witness and defendant (*see, People v Terry, supra,* at 203).

The court properly denied defendant's *Batson* challenge to the prosecutor's exercise of a peremptory challenge to remove

the only minority juror from the panel. Even assuming, arguendo, that defendant met his initial burden by establishing a prima facie case of discrimination, we conclude that the prosecutor came forward with a nonpretextual, racially neutral reason for using a peremptory challenge to exclude that juror (*see, People v Hoskins,* 254 AD2d 729; *see also, People v Bonner,* 256 AD2d 1219; *People v Owens,* 256 AD2d 1220). (Appeal from Judgment of Supreme Court, Monroe County, Ark, J.—Assault, 2nd Degree.) Present—Pine, J. P., Lawton, Pigott, Jr., Hurlbutt and Scudder, JJ.