THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT MILLER, Appellant. [776 NYS2d 889]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered April 11, 2001, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Flaherty, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the showup identification procedure was not unduly suggestive (*see People v Ponce de Leon,* 291 AD2d 415 [2002]; *People v Serrano,* 219 AD2d 508, 509 [1995]; *People v Yearwood,* 197 AD2d 554 [1993]).

The court providently exercised its discretion in denying the defendant's request to call the complaining witness to testify at the pretrial hearing, since no substantial issues as to the constitutionality of the identification were raised, the People's evidence was not notably incomplete, and the defendant did not otherwise establish a need for the witness's testimony (*see People v Scott,* 290 AD2d 522 [2002]; *People v Padilla,* 219 AD2d 688 [1995]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.