Fuld, J.
 

 In February of 1948, the defendant was convicted, following a jury trial, of two crimes of robbery in the first degree, two counts of grand larceny and of assault, in the County Court of Queens County. By reason of a 1935 conviction of attempted robbery in the Court of General Sessions, he was sentenced, as a second felony offender, to a term of imprisonment of not less than 30 nor more than 60 years. A month after the rendition of the judgment of conviction, the defendant filed a notice of appeal in the Appellate Division. In October, 1948, that court denied a motion made by the defendant to dispense with the printing of the record on the ground that the appeal lacked merit. In January of 1949, after three motions for enlargement of time had been granted, the appeal was dismissed for failure to prosecute it.
 

 Some eight years later, the Court of General Sessions entered an order vacating the 1935 conviction which had been the predicate for the defendant’s sentence in the Queens County Court as a second offender. And, following this development, the defendant moved to vacate the February, 1948 judgment of
 
 *195
 
 conviction as a second offender and for resentence as a first offender. On March 27, 1957, the Queens County Court, granting that motion in part, resentenced the defendant, as a first offender, to a term of not less than 20 nor more than 30 years. The defendant, claiming that the sentence imposed was illegal under section 2189 of the Penal Law, applied for a further resentence.
 
 [1]
 
 The defendant was again successful; the motion was granted and, on April 16, 1957, he was resentenced to a term of not less than 10 nor more than 15 years on each robbery count, the two terms to run consecutively.
 

 Still dissatisfied, the defendant appealed to the Appellate Division from
 
 the judgment of conviction of April 16, 1957.
 
 Upon this appeal — taken on the original minutes and by assigned counsel — the defendant sought to review not only the validity of the consecutive sentences recently imposed, but also the trial proceedings held in 1948. The Appellate Division, though it held excessive the imposition of consecutive sentences and ordered that the sentence imposed upon each robbery count run concurrently, decided that the defendant was not entitled to a review on the merits — that is, on the facts and asserted questions of law—of the judgment rendered nine years before.
 

 The time within which a defendant may appeal from a judgment convicting him is 30 days from the date of its rendition (Code Crim. Pro., § 521). After such period has expired, the defendant may not effect an extension by making a motion for resentence, on the ground that the sentence meted out was illegal, and then appealing from the order entered thereon. He may, of course, have a review of the legality of the resentence by appeal from the amended judgment thereafter entered, but his right to review the merits of the prior proceedings resulting in the adjudication of guilt was lost by his failure to appeal within the time allowed from the judgment of conviction entered on the original sentence. (See
 
 People
 
 v.
 
 Baumeister,
 
 283 N. Y. 625;
 
 People
 
 v.
 
 Taras,
 
 269 App. Div. 694, affd. 296 N. Y. 983,
 
 *196
 
 cert, denied 332 U. S. 818;
 
 People
 
 v.
 
 Faucetta,
 
 301 N. Y. 758; see, also,
 
 People
 
 v.
 
 Sullivan,
 
 3 N Y 2d 196, 198-199 and
 
 People ex rel. Miller
 
 v.
 
 Martin,
 
 1 N Y 2d 406, 411, wherein we stated that, where a sentence is vacated, the validity of the prior proceedings remains unaffected.) And the consequence is precisely the same whether the defendant does or does not file a notice of appeal from the original judgment of conviction. (See
 
 People
 
 v.
 
 Taras,
 
 269 App. Div. 694, affd. 296 N. Y. 983, cert, denied 332 U. S. 818,
 
 supra,
 
 no appeal taken;
 
 People
 
 v.
 
 Faucetta,
 
 301 N. Y. 758,
 
 supra,
 
 appeal timely taken.)
 

 We are, however, faced on this appeal with a further problem. The defendant argues that he was financially unable to print the record in 1948 in connection with his appeal from the original judgment of conviction and contends that the Appellate Division’s denial of his application to prosecute that appeal
 
 in forma pauperis
 
 denied him the equal protection of the laws. Since an appeal could not have been taken in 1949, either from that order or from the subsequent judgment of the Appellate Division dismissing the appeal for failure to prosecute (see
 
 People
 
 v.
 
 Carroll,
 
 292 N. Y. 590;
 
 People
 
 v.
 
 O’Rafferty,
 
 291 N. Y. 801; see, also, Cohen and Karger, Powers of the New York Court of Appeals, pp. 720-721; but see, contra,
 
 People
 
 v.
 
 Pitts,
 
 also decided today, 6 N Y 2d 288, holding that such an appeal currently lies), it follows that the defendant had no opportunity of raising the constitutional issue asserted. That does not mean that the question must, or should, be reviewed on an appeal from the amended judgment. A regard for proper and orderly procedure does not sanction departure from our settled rule that a defendant may not procure a review of the original judgment of conviction by appeal from an order or judgment of resentence.
 

 This is not to say, though, that Williams is left without remedy in the courts of this State. A defendant should be accorded the opportunity of demonstrating, if he can, that the Appellate Division’s action in refusing to allow him to prosecute his appeal on the original record—which led to the later dismissal of the appeal—deprived him of a “ right ” to appeal and constituted a denial of the equal protection of the laws. Consequently, it is our view that the defendant should be privileged to raise the question involving the equal protection of the laws at the present time by an application addressed to the Appellate
 
 *197
 
 Division and upon such application the court should explore the validity of its 1949 dismissal of the defendant’s appeal in the light of the principles that have more recently been announced in
 
 Griffin
 
 v.
 
 Illinois
 
 (351 U. S. 12) and
 
 People
 
 v.
 
 Kalan
 
 (2 N Y 2d 278) and the cases which followed them. (See, e.g.,
 
 People
 
 v.
 
 Pitts,
 
 6 N Y 2d 288, also decided today;
 
 People
 
 v.
 
 Pride,
 
 3 N Y 2d 545;
 
 Eskridge
 
 v.
 
 Washington Prison Bd.,
 
 357 U. S. 214.)
 

 It is hardly necessary to add that, in suggesting this procedure, we intimate no opinion whatsoever as to what the decision should be.
 

 The judgment of the Appellate Division should be affirmed.
 

 Chief Judge Conway and Judges Desmond, Dye, Froessel, Van Voorhis and Burke concur.
 

 Judgment affirmed.
 

 [1]
 

 . Section 2189 provides that a person never convicted of a felony shall receive an indeterminate sentence, the minimum of which shall not be more than one half of the longest period prescribed for the crime of which he was convicted. It was his argument that the 20 years imposed as the minimum exceeded the one half of the 30 years which the Legislature had prescribed as the maximum for first degree robbery (Penal Law, § 2125).