**UNITED STATES ex rel. Theodore R. KRZYWOSZ, Relator-Appellant,**

v.

**Walter H. WILKINS, as Warden of Attica State Prison, Attica, New York, Respondent-Appellee.**

**No. 459, Docket 28154.**

United States Court of Appeals
Second Circuit.

Argued May 5, 1964.

Decided Sept. 14, 1964.

**510**

Anthony F. Marra, New York City (Angelos N. Russos, Daniel J. Dougherty, of Kirlin, Campbell & Keating, New York City, of counsel), for relator-appellant.

Louis J. Lefkowitz, Atty. Gen., of New York (Samuel A. Hirshowitz, First Asst. Atty. Gen., Barry Mahoney, Deputy Asst. Atty. Gen., of counsel), for appellee.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

WATERMAN, Circuit Judge.

This is an appeal by an incarcerated New York state prisoner from a decision and order of the United States District Court for the Western District of New York, denying appellant's application for a writ of habeas corpus. Appellant, who had been arraigned in 1956 on a twelve count indictment which contained eight counts charging forgery, second degree, two counts charging petit larceny, and two counts charging grand larceny, second degree, pleaded guilty to two of the twelve, one of forgery and one of grand larceny, and is currently serving a sentence imposed thereon. The petition which appellant filed below, drafted personally and without the aid of counsel, in substance contained five allegations: (1) That there was a two-day delay between his arrest and arraignment; (2) that the trial court improperly refused to permit him to withdraw his guilty plea; (3) that the trial court improperly permitted the District Attorney to hold open the ten remaining counts of the twelve-count indictment after a plea of guilty had been entered as to two of the counts; (4) that he pleaded guilty not fully understanding the charges against him; and (5) that his plea of guilty was coerced because he was in jail for seven months after arraignment "and was ready to plea [sic] to anything."

Appellee warden argues that none of these allegations were properly before

the United States District Court, because appellant has an appeal currently pending in the New York courts from an order resentencing him on the conviction here under attack. We do not agree. The pendency of the limited state appeal in this case does not demonstrate that appellant has failed to exhaust his available state post-conviction remedies. Appellant's sentence, from which the currently pending appeal is taken, is a new sentence imposed by the same New York state judge who originally sentenced him in 1957 and was meted out after appellant's successful attack, by way of a federal habeas corpus proceeding, on a 1938 conviction used in 1957 as the basis for originally sentencing appellant as a second felony offender. An appeal has been taken from the resentencing order because the sentencing judge, by now ordering the prison terms imposed on the two counts to be served consecutively rather than concurrently, has succeeded in sentencing appellant more severely as a first offender than he did when appellant was before him as a second offender. As this appeal in the New York courts may attack, however, only the legality of appellant's resentencing, and not the legality of the original proceedings which led to the adjudication of his guilt, People v. Williams, 6 N.Y.2d 193, 189 N.Y.S.2d 149, 160 N.E.2d 456 (1959), it should not serve to bar this petition for federal habeas corpus relief.

■ Appellee is correct, however, in his contention that appellant is barred, as of now, by reason of the exhaustion of remedies doctrine, from asserting his claims (4) and (5) above. It appears that although appellant has pressed an application for a writ of error *coram nobis* filed in the New York courts through to a denial of certiorari by the United States Supreme Court, appellant only asserted in that *coram nobis* application the first three grounds contained in his petition to the court below. Inasmuch as it appears that appellant has not otherwise presented these claims to the state courts of New York, and as the claims are of such a nature as to be reviewable in the state courts by a *coram nobis* application even though appellant took no appeal from his conviction, see People v. Silverman, 3 N.Y.2d 200, 165 N.Y.S.2d 11, 144 N.E.2d 10 (1957); People v. Sullivan, 3 N.Y.2d 196, 165 N.Y.S.2d 6, 144 N.E.2d 6 (1957); People v. Sadness, 300 N.Y. 69, 89 N.E.2d 188 (1949), as to these two allegations in his federal habeas corpus petition appellant has failed to exhaust his presently available state remedies. Compare Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963).

■■ Our examination of appellant's remaining allegations convinces us, however, that the lower court was correct in dismissing the petition, for none of these allegations may be said to contain, even after making due allowance for technical incompetence, see Richey v. Wilkins, 335 F.2d 1 (2 Cir. July 21, 1964); United States ex rel. Vaughn v. LaVallee, 318 F.2d 499, 500 (2 Cir. 1963), a claim that appellant was denied rights due him under the United States Constitution. Thus, appellant's assertion of a delay in his arraignment, with no allegation that this in any way prejudiced him, cannot be said to contain a federal constitutional claim. So, too, we find deficient appellant's allegations that the trial court improperly refused to allow him to withdraw his guilty plea, and that the District Attorney was permitted after entry of this plea to hold open the ten remaining counts of the indictment, inasmuch as appellant's petition does not contain the barest allegation that this action was designed to, or did, induce his plea of guilty or otherwise cause him to suffer prejudice in a constitutional sense.

■ Finally, appellant claims in his brief on appeal that there was a plot by members of the local District Attorney's office to force appellant to plead guilty in order to protect his codefendant wife who was the niece of a then Commissioner of Police in an upstate New York town. While such a claim would serve as the basis for a legally sufficient habeas corpus petition, we are confined on appeal to a review of the petition which appellant

512

filed below. Moreover, it appears that, as to this claim, appellant has also failed to exhaust his available state post-conviction remedies.

Affirmed.