**STATE OF LOUISIANA ex rel. Van Norman WHITE**

**v.**

**Bryan CLEMMONS, Sheriff, et al., East Baton Rouge Parish, Baton Rouge, Louisiana.**

**Misc. No. 681.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Nov. 9, 1964.

Bert K. Robinson, Baton Rouge, La., for petitioner.

Sargent Pitcher, Jr., Dist. Atty., Nineteenth Judicial District, Ralph L. Roy, Asst. Dist. Atty., Nineteenth Judicial District, Baton Rouge, La., for respondents.

WEST, District Judge.

Petitioner, Van Norman White, is presently in State custody, serving time after having been convicted of the crime of simple burglary. He first applied to this Court for the issuance of a writ of habeas corpus on July 2, 1963. At that time, this Court denied the writ on the grounds that petitioner had not exhausted available State Court remedies. On August 3, 1964, petitioner again applied to this Court for the issuance of a writ of habeas corpus, contending that he had now exhausted State remedies in that he had attempted to secure such a writ from the State Courts, and had been denied. This Court then appointed an attorney to represent petitioner and the matter was subsequently set for hearing on September 4, 1964. At the hearing held before this Court on that date, the Court was informed that petitioner had an appeal from his conviction pending before the Louisiana Supreme Court. This appeal is based upon some thirteen bills of exception reserved on petitioner's behalf during his trial. These bills of exception contend, inter alia, that petitioner's constitutional rights were violated for the same reasons contained in his habeas corpus application presented to this Court. This Court was also informed that this appeal is now scheduled to be heard by the Louisiana Supreme Court during the latter part of November, 1964.

While it is true that once petitioner has presented his contentions to the highest court of the State, and has, after consideration of his contentions by that Court been denied relief, there is no requirement, under the exhaustion of state remedies doctrine, that he again present the same matters to the State Courts in other available proceedings. In re McCoy, D.C., 233 F.Supp. 409 (1964). But the fact remains that in the present case petitioner's contentions, while presently pending before the Louisiana Supreme Court in an appeal from his conviction, have not yet been passed upon by the State Courts. It is true that he has previously attempted to present these matters by habeas corpus proceedings to both the State District Court and the State Supreme Court. However, his contentions were neither heard nor passed upon by these Courts for the reason that his applications to those Courts were not presented in accordance with the rules of court. Hence, he did not exhaust his State Court remedies by merely filing habeas corpus applications which, because not in accordance with the rules of court (and of which rules petitioner was clearly apprised by each of those Courts) could not be considered. His appeal, presently pending before the Louisiana Supreme Court, is apparently in proper form, and is scheduled for hearing this very month. Hence, in view of the pendency of this appeal, which appeal contains, among other things, the very same contentions which petitioner attempts to place before this Court by

writ of habeas corpus, and because of the fact that petitioner's available State Court remedies have thus not yet been exhausted, his application for the issuance of a writ of habeas corpus must be denied. United States v. Wilkins, 2 Cir., 336 F.2d 509 (1964).