■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANK COPPA, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, entered August 17, 1976, which granted defendant's motion to dismiss the indictment because of the prosecutor's failure to state a prima facie case in his opening statement to the jury. By order dated May 2, 1977 this court dismissed the appeal on the ground that the dismissal by the trial court had not been made pursuant to CPL 210.20, and could therefore not be appealed under the provisions of CPL 450.20 (subd 1). On July 11, 1978 the Court of Appeals reversed the order of this court on the ground that this court had the requisite jurisdiction to entertain the appeal, and remitted the case to us for a determination of the appeal on the merits *(People v Coppa,* 57 AD2d 189, revd 45 NY2d 244). Order reversed, on the law, motion denied and indictment reinstated. Defendant was charged with two counts of grand larceny in the second degree. The opening by the prosecutor consisted in part of a reading of the two counts of the indictment, which charged a wrongful taking of a sum of money; one of the counts charged that this was accomplished by a "scheme and plan". The prosecutor then stated that the victim of the crime would testify that he had been induced to surrender a sum of money in exchange for a promise that he would receive stock certificates; notes were given to the victim for the money. The certificates were never delivered and the victim was further induced into surrendering the notes. The trial court erred when it determined that the opening statement failed to set forth a prima facie case because no larcenous intent was alleged. This is not a case where it is clear that even if the prosecution proves all that it alleges it will in its opening, the evidence will be insufficient to establish a crime. The opening made it clear that a form of stock swindle was being charged. The larcenous intent that was not explicitly mentioned in the opening should have been read into it by implication. The "scheme" that was alleged clearly involved a larcenous intent. The opening was adequate (cf. *People v Wade,* 35 AD2d 401) and, accordingly, the indictment should be reinstated. Titone, J. P., Rabin, Shapiro and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HECKSTALL, Appellant.—Appeal by defendant from an amended judgment of the Supreme Court, Kings County, rendered July 25, 1977, which revoked a previously imposed sentence of probation and sentenced him to a term of imprisonment. Judgment affirmed. The question raised regarding the original conviction and sentence is not properly before us on this appeal from the amended judgment (see CPL 450.30, subd 3; *People v Blim,* 54 AD2d 771; *People v Williams,* 6 NY2d 193, 195; *People v Hollick,* 38 AD2d 714; cf. *People v Drummond,* 40 NY2d 990). We have considered defendant's remaining contention and find it lacking in merit. Hopkins, J. P., Latham, Gulotta and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE SALVATORE IORIZZO, Appellant.—Judgment of the County Court, Suffolk County, rendered June 7, 1976, affirmed. No opinion. This case is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Latham, J. P., Suozzi, Gulotta, Shapiro and Cohalan, JJ., concur.