■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HEURTELOU BONNET, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Potoker, J.), rendered May 10, 1984, convicting him of robbery in

the first degree, robbery in the second degree (two counts), and sexual abuse in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant argues that it was error to permit the complaining witness to testify at trial as to a lineup identification that she had made of his accomplice, contending that this constituted improper bolstering of her identification testimony. We disagree. The rule against improper bolstering bars other witnesses from testifying to the fact of a complainant's out-of-court identification of a defendant *(People v Trowbridge,* 305 NY 471). At bar, there was no bolstering of the identification by another witness; rather it was the complaining witness herself who testified to her own lineup identifications of both the defendant and his accomplice. Such testimony by a witness as to a previous out-of-court, corporeal identification is expressly authorized by statute (CPL 60.30). The cases cited by the defendant, *People v Hines* (112 AD2d 316) and *People v Osgood* (89 AD2d 76) deal with testimony concerning out-of-court photographic identifications, not lineup identifications, and are thus inapposite. There is ample support in the record for the hearing court's determination that the out-of-court identification procedures were not unduly suggestive *(see, People v McPherson,* 56 NY2d 696).

Finally, we see no basis for disturbing the sentence imposed *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Brown, Rubin and Spatt, JJ., concur.