■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE DABBS, Appellant.—Harvey, J. Appeal from a judgment of the Supreme Court (Harris, J.), rendered March 31, 1990 in Albany County, which revoked defendant's probation and imposed a sentence of imprisonment.

After pleading guilty to the crime of criminal possession of a controlled substance in the fourth degree, defendant was sentenced pursuant to a plea bargain agreement to six months' imprisonment and five years' probation, to be served concurrently. Prior to the expiration of his probation period, however, defendant was charged with violating his probation. Ultimately, defendant pleaded guilty to violating his probation, his probation was revoked and defendant was sentenced to 4 to 12 years in prison. This appeal followed.

At the outset, we must note that defendant is not arguing on appeal that there was an improper revocation of his original sentence *(see,* CPL 450.30 [1]). Instead, defendant's principal challenges on appeal are to the propriety of the original sentence of probation and imprisonment imposed by County Court in September 1987. Nevertheless, the record contains only a notice of appeal from the resentencing and

there is no indication whatsoever that defendant ever appealed from the original conviction and sentence. Given this state of affairs, any questions regarding the original sentence and conviction are not properly before us on this appeal from the judgment resentencing defendant; therefore, we may only consider the propriety of defendant's resentencing *(see,* CPL 450.30 [3]; *People v Williams,* 76 AD2d 914; *People v Heckstall,* 65 AD2d 581; *People v Blim,* 54 AD2d 771). Although defendant does claim on this appeal that the 4-to-12-year sentence imposed on revocation of probation was harsh and excessive, we cannot agree. The sentence imposed here is less than the harshest allowed for a class C felony *(see,* Penal Law § 70.00 [2] [c]) and our review of the matter shows no clear abuse of discretion that would justify disturbing the sentence.

Mahoney, P. J., Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is affirmed.