OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The trial court did hot abuse its discretion or otherwise err as a matter of law in allowing four lay witnesses — defendant’s roommate, his roommate’s mother, his landlord, and a friend — who did not witness the bank robbery, to identify the defendant as the person depicted as the robber in two bank surveillance photographs (see, People v Byrnes, 33 NY2d 343, 348). Their testimony was clearly relevant inasmuch as the robber’s identity was the central issue in the case and the People presented ample proof that defendant had changed his appearance immediately after the crime by having his beard shaved.
Nor did the testimony of the four noneyewitnesses constitute improper bolstering or an improper opinion about an ultimate fact. The challenged testimony did not concern a previous extrajudicial identification of defendant (see, People v Bonnet, 134 AD2d 436, 437, lv denied 70 NY2d 953) or of the photographs of defendant (see, People v Lindsay, 42 NY2d 9, 12). Rather, given the personal knowledge these witnesses had of defendant’s appearance as of the time when the photographs were taken, their testimony served to aid the jury in making an independent assessment regarding whether the man in the bank photographs was indeed the defendant, a task made more onerous by defendant’s altering his appearance after commission of the crime (see, e.g., United States v Robinson, 804 F2d 280, 282 [4th Cir 1986]; United States v Farnsworth, 729 F2d 1158, 1160 [8th Cir 1984]).
Also unavailing are defendant’s arguments that the four *1026 noneyewitnesses’ photograph identifications should have been excluded because they were unduly cumulative and duplicative of the bank tellers’ eyewitness testimony. No objection having been registered as to the number of witnesses presented, this issue was not preserved for review (CPL 470.05 [2]). Beyond that, the bank tellers’ testimony cannot be said to have been duplicated for the tellers were not generally familiar with defendant’s appearance at the time of the robbery. And, although they did identify defendant in court as the bank robber, they never stated that he was the person in the surveillance photographs, only that the photographs accurately portrayed the crime scene and that the man in the photograph was the robber.
Defendant’s remaining contentions are either unpreserved for review or lacking in merit.
Chief Judge Wachtler and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Yesawich, Jr.,* concur; Judge Simons taking no part.
Order affirmed in a memorandum.

 Designated pursuant to NY Constitution, article VI, § 2.