■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO TORRES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered June 29, 1989, convicting him of murder in the second degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On December 13, 1986, the defendant fatally wounded the victim with gunfire from an Uzi semiautomatic pistol. At the trial, the defendant voluntarily absented himself during the presentation of the People's case, precluding the People from eliciting an in-court identification from two eyewitnesses, both of whom had previously identified the defendant as the gunman at a pretrial hearing.

The defendant's contention—that the prior identification testimony should have been suppressed on the ground that the introduction of that testimony violated CPL 60.25 and thus constitutes reversible error—is unpreserved for appellate review since he failed to raise this specific argument at trial

*(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 248-252). In any event, upon review of that issue in the exercise of our interest of justice jurisdiction, we find that it is wholly without merit.

CPL 60.25 and 60.30 replaced the former Code of Criminal Procedure § 393-b, which had allowed the prosecution to elicit prior identification testimony when the identity of the defendant was in issue. The new statutes created exceptions to the much criticized common law rule that "prohibited 'bolstering' of a witness' identification testimony by evidence from the witness or from some other person that the witness previously identified the defendant as the perpetrator of the crime" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 60.25, at 639). In application, "CPL 60.25 and 60.30 permit a witness who has previously identified the defendant under constitutionally unexceptional circumstances to testify to the earlier identification, in addition to making an in-court identification; those statutory exceptions are in derogation of the common law prohibition against hearsay testimony, which had been held to bar the prior identification testimony" *(People v Huertas,* 75 NY2d 487, 493-494; *see, People v Trowbridge,* 305 NY 471, 475).

CPL 60.25 applies to a situation where the witness, "due to lapse of time or change in the appearance of the defendant, cannot make an in-court identification, but has on a previous occasion identified the defendant" *(People v Nival,* 33 NY2d 391, 395, *cert denied* 417 US 903). Under such circumstances, any other witness may then establish that the defendant in court is the same person that the eyewitness identified on the previous occasion.

This statute is wholly inapplicable to the case at bar. The two eyewitnesses were unable to identify the defendant at trial not because they could not recognize him due to the lapse of time or the defendant's changed appearance, but simply because the defendant voluntarily absented himself from the courtroom at the time their testimony was elicited. "Bolstering" was never a problem at trial. Since the defendant was absent during the People's case, the eyewitnesses' in-court identifications at the *Wade* hearing were properly admitted. Harwood, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.