OPINION OF THE COURT
Donald J. Mark, J.
The defendant, who is charged with three counts of murder in the second degree (intentional murder, depraved indifference murder and felony murder) and burglary in the second degree (unlawfully entering a building with intent to commit a crime therein while armed with a loaded handgun), has made an application pursuant to CPL 710.20 (6) to suppress the identification of a photograph of himself by six witnesses.
The incident which was the genesis of these crimes occurred on July 26,1996, when a store clerk employed by Wilson Farms was killed during the course of a burglary. A surveillance camera in the store recorded the activities of the perpetrator and the victim, and the police secured a frame of the tape depicting the perpetrator. This frame was transformed into a photograph of the perpetrator, and this photograph was displayed in newspapers and on television. Six individuals recognized the individual in the photograph as the defendant, and they contacted the police to report this identification. The police then showed this single photograph to each of the six individuals, and each identified the defendant as the individual in the photograph. The defendant was subsequently arrested and indicted for these four crimes.
The defendant claims that the media, by publicizing the photograph of the perpetrator, became agents of the police; that the six potential witnesses had already viewed one photograph of the perpetrator in the news media before viewing a photograph allegedly of the defendant, so their identifications were tainted; that the police, when interviewing the six witnesses, allegedly informed them of their suspicion that the photograph shown to them was that of the defendant, so this identification procedure was suggestive; and this identification procedure was improper, because the photograph of the perpetrator was not a known photograph of the defendant. The defendant, with much logic, requests a pretrial hearing on this issue.
*446 The People respond that the release of the perpetrator’s photograph to the news media was not an identification procedure conducted by the police; that the six witnesses voluntarily initiated the contact with the police to report their observations of the photograph depicted in the news media; that in essence the displays of the single photograph to the six witnesses by the police were confirmatory identification procedures;[1] that the six witnesses will not identify the defendant at trial but only a photograph of him; and that the defendant’s only remedy is to attack the foundation for the admission of the proposed testimony of the six witnesses at trial. The People, with equal logic, oppose the defendant’s request for a pretrial hearing.
CPL 710.20 provides, in pertinent part, as follows:
"Upon motion of a defendant who * * * (b) claims that improper identification testimony may be offered against him in a criminal action, a court may * * * order that such evidence be suppressed or excluded upon the ground that it * * *
"6. Consists of potential testimony regarding an observation of the defendant * * * at the time or place of the commission of the offense * * * which potential testimony would not be admissible * * * owing to an improperly made previous identification of the defendant by the prospective witness.” (Emphasis added.)
Thus, the issue is whether a pretrial hearing should be held, where a witness at trial will presumably identify, not the defendant, but a photograph allegedly of the defendant, after having previously identified a photograph of the defendant, or whether the admissibility of the identification of the photograph by such witness is an evidentiary matter relating to the sufficiency of the foundation reserved for decision at trial.
Almost the exact scenario in this case was present in People v Russell (79 NY2d 1024). There, four witnesses, who did not witness a bank robbery, were shown a bank surveillance camera photograph of the robber, and all four identified the individual in the photograph as the defendant. One witness had recognized a composite sketch of the robber in a newspaper, and she advised her son, who was also one of the four wit *447 nesses, to inform the police of her and his recognition.[2] The four witnesses also identified the same photographs as that of the defendant at trial, and the Court of Appeals upheld this procedure, rejecting contentions that this constituted improper bolstering or improper opinions about an ultimate fact.
There was no pretrial hearing conducted in that case relative to the showing of the bank surveillance camera photograph to the four witnesses. The record on appeal indicates that the defendant demanded such a hearing and the People consented to the same, but the hearing was never held. The People’s brief mentioned that such hearing was never conducted because there was no police-arranged identification and that therefore suggestivity was not a concern. This was not the holding of any court involved in that case, and the appellate decisions did not turn on this point. As a result, that decision is no precedent for denying a pretrial hearing in this case.
The worst case scenario here would be if the six witnesses were not that knowledgeable about the defendant to identify his photograph, and/or the police in submitting the photograph to those witnesses suggested that it was a photograph of the defendant and they should identify it as such. In the absence of a pretrial hearing, this information would not be available to the defendant until the trial of this action.
The pretrial identification procedure employed here was not the usual one where a witness who had observed a defendant commit a crime was so familiar with the defendant that he would be impervious to police suggestion rendering the display of a single photograph confirmatory (see, e.g., People v Cotto, 222 AD2d 345, lv denied 88 NY2d 846 [the witness told the detective she was present during the murder, she knew the identity of the killer, the parties were well known to each other, she had seen the killer in the neighborhood on numerous occasions, he had visited her apartment prior to the shooting and she could identify him from a photograph although she did not know his proper name, all this information being adduced at the pretrial hearing]).
Even if this were an actual confirmatory identification procedure, the familiarity of the six witnesses with the defendant cannot be ascertained from the responding documents of the People, which did not specify the details of such familiarity *448 (see, People v Rodriguez, 79 NY2d 445 [trial court had no basis for summarily concluding that photo showup of defendant was confirmatory where the witness in the Grand Jury testified he had seen the defendant as a customer in a grocery at least four dozen times and the defendant in his attorney’s affirmation denied knowing or having a prior familiarity with the witness]; see also, People v Williamson, 79 NY2d 799).
Thus, under normal circumstances, at least a Rodriguez hearing would be required in this situation.
As has been indicated, the circumstances are not normal, because the witnesses at trial will not testify "regarding an observation of the defendant * * * at the time or place of the commission of the offense”, but instead will testify regarding an observation of a photograph of the defendant (CPL 710.20 [6]). However, the photograph of the defendant can be equated with "an observation of the defendant * * * at the time or place of the commission of the offense”, since the photograph of the defendant is allegedly that of the individual who committed the crimes charged duplicated on the surveillance tape (CPL 710.20 [6]). In sum, the observation of the photograph is the observation of the defendant for the purpose of CPL 710.20 (6).
This court adopts the following reasoning of People v Rodriguez (supra, at 452) and finds it applicable to this situation: "prior familiarity should not be resolved at trial in the first instance. The Legislature mandates pretrial resolution of the admissibility of identification testimony where it is alleged that an improper procedure occurred”.
The hearing to be conducted should be a Rodriguez (or pre-Wade)[3] hearing. At this hearing the police investigators who displayed the surveillance tape photograph to the witnesses can testify as to the information the witnesses gave them to show their claimed familiarity with the defendant and their ability to identify his photograph (People v Terry, 224 AD2d 202, lv denied 88 NY2d 943; People v Cotto, supra; People v Campbell, 187 AD2d 442, lv denied 81 NY2d 837).[4] A ruling that the identification procedure utilized here was a truly *449 confirmatory identification is a ruling that however suggestive the identification procedure might be, there is virtually no possibility that the witness could misidentify the defendant, so a Wade hearing would not be necessary, but a contrary ruling would necessitate a Wade hearing (People v Rodriguez, supra).
While a pretrial hearing on this issue would obviously be helpful to the defendant, it would likewise be beneficial to the People. In the event this court should make an erroneous decision pretrial and suppress certain identification testimony, under the proper circumstances the People could appeal such decision (CPL 450.50; see, People v Morales, 198 AD2d 129, lv denied 83 NY2d 808). However, should this court make an erroneous trial ruling and preclude certain identification testimony, under these circumstances the People would be deprived of an appellate remedy (see, People v Coppa, 57 AD2d 189, revd on other grounds 45 NY2d 244, on remand 65 AD2d 581) and double jeopardy would be a bar to a retrial after a not guilty verdict (People v Sabella, 35 NY2d 158).
Accordingly, the application of the defendant for a pretrial hearing on the issue of identification of the defendant’s alleged photograph by the six witnesses is granted.

. The People imply that since the six witnesses made the first overture, they obviously knew the defendant well enough to identify his photograph.

. This fact was derived from the Appellate Division opinion People v Russell (165 AD2d 327), but it did not play any significant part in the Court of Appeals opinion.

. This designation is referred to in many appellate cases, e.g., People v Williamson (79 NY2d 799, supra); People v Foster (217 AD2d 558); People v Huggins (199 AD2d 1025).

. Note that People v Gonzalez (80 NY2d 883) ruled that a detective’s hearsay testimony that three detectives told him the defendant voluntarily-accompanied them to the police precinct was insufficient proof of this ultimate fact.