OPINION OF THE COURT
Donald J. Mark, J.
*741 The defendant was charged with three counts of murder in the second degree and one count of burglary in the second degree, as the result of an incident in which a male suspect unlawfully entered a grocery store and killed the female clerk. The entire incident was videotaped by a surveillance camera in the store, and a photograph depicting the image of the perpetrator was displayed on the local television channels and in the local newspaper. Four individuals contacted the police to identify the defendant as the suspect whose photograph appeared in the media,[1] and based upon their subsequent photographic verifications the defendant was arrested.
At trial each witness testified that he/she was familiar with the defendant through past relationships; that he/she had observed the photograph of the perpetrator in the media; that he/she had contacted the police and indicated that he/she had recognized the photograph as that of the defendant; that a police investigator responded to his/her residence and had shown him/her an enlarged version of the media photograph; and that he/she had identified the image in that photograph as that of the defendant.[2] Each witness also identified the image in the same photograph as that of the defendant, and each photograph was admitted into evidence; the photograph displayed in the media was not offered into evidence.
The defendant interposed objections to the testimony of each witness who testified that he/she had identified the defendant in a photograph shown to him/her by the police investigator upon the grounds that this constituted improper bolstering and that this was not an identification procedure authorized by CPL 60.30. Both objections were overruled.
At first blush the defendant’s argument that this testimony constitutes bolstering appears meritorious. "Bolstering” has been defined as testimonial evidence "which tends to demonstrate that the witness’ testimony at trial is accurate, because the witness made a statement identical to his trial testimony prior to trial or engaged in conduct consistent with his trial *742 testimony prior to trial, unless an exception can be found for its admission” (People v Henry, 150 Misc 2d 700, 703, affd on other grounds 186 AD2d 986, lv denied 81 NY2d 841). This is exactly the situation here, where prior to identifying a photograph of the defendant at trial, each witness identified a photograph of the defendant to the police, and so testified.
A prior photographic identification by a witness is normally not admissible as evidence (People v Lindsay, 42 NY2d 9; People v Bonnet, 134 AD2d 436, lv denied 70 NY2d 953), "though * * * the rationale for this rule is to prevent prejudice to the defendant caused by the use of a photo array commonly composed of 'mug shots’ taken on previous arrests * * * [N]ot all types of prior photographic identification are prohibited. If the circumstances do not prejudice the defendant in some inadmissible manner, there is no reason to exclude prior photographic identification” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 60.25, at 640).
People v Edmondson (75 NY2d 672, rearg denied 76 NY2d 846, cert denied 498 US 1001) illustrates this principle. There, the victim gave the police a description of her assailant and the approximate location where she thought he could be found; the police randomly videotaped pedestrians in that area and "zoomed in” on about 50 of them who matched that description, including the defendant; and the victim viewed the videotape and immediately identified the defendant as her attacker. The victim was permitted to testify at trial that she had previously identified the defendant in the videotape, and the Court of Appeals approved, holding that there was nothing inherently suggestive in the videotaping procedure, that this procedure was not similar to fatally flawed showups, and that it was not susceptible to the prejudice inherent in photo arrays.
Not all prior photographic identification evidence is inadmissible, because CPL 60.30 creates an exception to the common-law rule prohibiting bolstering (People v Torres, 184 AD2d 605, lv denied 80 NY2d 934). That section in pertinent part provides as follows: "In any criminal proceeding * * * a witness who testifies that (a) he observed * * * the defendant * * * at the time and place of the commission of the offense * * * and (c) on a subsequent occasion he observed the defendant, under circumstances consistent with such rights as an accused person may derive under the constitution of this state or of the United States, and then also recognized him as the same person * * * may, in addition to making an identification of the defendant *743 at the criminal proceeding * * * also describe his previous recognition of the defendant” (CPL 60.30).[3]
This section is applicable here and provides the exception to the rule against bolstering. The observation of the defendant’s photograph in the media comports with subdivision (a), in that it can be equated with the observation of the defendant at the time and place of the commission of the offense, since the photograph of the defendant was that of the individual who committed the crimes charged duplicated on the surveillance tape (People v Sampson, 173 Misc 2d 444, supra). The identification of the defendant’s photograph shown to each witness by the police comports with subdivision (c), in that each witness observed the defendant under circumstances consistent with his constitutional rights (People v Edmondson, supra).[4]
The seminal case in this area, People v Russell (79 NY2d 1024), discusses bolstering but not in the pretrial identification context. In that case, the Court of Appeals ruled that the testimony of four witnesses identifying the defendant as the individual depicted as the bank robber in two bank surveillance photographs was admissible. Apparently this in-court identification was attacked as improper bolstering, but this argument was rejected as it did not concern an extrajudicial identification of the defendant.[5] But this is not the type of testimony challenged here, so this opinion provides no authority for the admissibility of the testimony of the pretrial identification in this case.
However, the Appellate Division decision in the same case (see, People v Russell, 165 AD2d 327) implicitly found that the testimony relative to the pretrial identification procedure was not bolstering. That case recited that one of the four witnesses had recognized a composite sketch of the robber in the newspaper as that of the defendant, and that she identified the defendant at trial as the person portrayed in the bank *744 photographs. The witness was also allowed to testify at the trial that she had recognized the defendant from the composite sketch in the newspaper, but the composite sketch was not introduced into evidence.[6] The affirmance by the Court of Appeals may indicate its tacit approval of this evidence, but the appellate holding can be considered as controlling.
Accordingly, while the testimony objected to did constitute bolstering, it was the type of bolstering permitted by CPL 60.30, so the objections of the defendant were properly overruled.

. Two other individuals likewise contacted the police, and they identified a different male as the suspect in the media photograph.

. This court had previously conducted a Rodriguez hearing (People v Rodriguez, 79 NY2d 445) for reasons stated in People v Sampson (173 Misc 2d 444). It should be noted that an appellate court in People v Morales (228 AD2d 704, lv denied 88 NY2d 1070) concluded that a Wade hearing (United States v Wade, 388 US 218) was unnecessary because a witness’ pretrial identification from a newspaper photograph was not a police-arranged procedure; however, there was no pretrial identification procedure in that case.

. Obviously, if the pretrial identification testimony attacked as bolstering in this case is authorized by this section, this negatives the defendant’s second objection that this identification testimony does not fall within the purview of this section (see, People v Bonnet, 134 AD2d 436, lv denied 70 NY2d 953, supra).

. The pretrial identification procedure here was probably even more constitutionally permissible, because it was citizen initiated and not police initiated.

. That decision also stated that this in-court identification testimony did not concern a photographic identification of the defendant, seemingly because they were photographs of the perpetrator.

. This can be inferred from the opinion, but it was confirmed by the Assistant District Attorney who argued the appeal; this court appreciated her prompt assistance during this trial when the ruling on this issue had to be made.