■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR SABLE, Appellant. [843 NYS2d 62]—

Judgments, Supreme Court, New York County (Carol Berkman, J.), rendered September 15, 2004, convicting defendant, after a jury trial, of burglary in the second degree, three counts of burglary in the third degree, two counts of grand larceny in the third degree and two counts of criminal possession of stolen property in the third degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.

A major issue at trial was whether defendant was the person depicted in a series of surveillance videotapes. The only issue defendant has arguably preserved regarding the People's proof that defendant was such person is his claim that a witness should not have been identified as defendant's parole officer. We conclude that the court properly exercised its discretion in receiving very limited information about defendant's parole status, coupled with thorough instructions to the jury during the trial and at its conclusion, that were satisfactory to defendant. This evidence was highly probative of the witness's ability to recognize defendant as the person on the tapes. To sanitize

this testimony by limiting it to the number of times the witness had met defendant, without giving the jury a context, would have unduly limited its probative value (*see e.g. People v Sosa,* 267 AD2d 106 [1999], *lv denied* 94 NY2d 953 [2000]).

The court properly exercised its discretion in precluding defendant from eliciting testimony that an investigating detective had believed that a third person resembled the person depicted in the tapes, because this witness had no familiarity with the appearance of either defendant or the third person, and her opinion as to any similarity was irrelevant (*see People v Russell,* 79 NY2d 1024 [1992]). The court permitted defendant to introduce a photograph of the other person to enable the jury to make its own comparison, but defendant did not avail himself of that offer.

On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento,* 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington,* 466 US 668 [1984]). Even if we were to find that counsel should have made the various objections or requests to charge suggested by defendant on appeal, we would find that his failure to do so did not deprive defendant of a fair trial or cause him any prejudice (*see People v Caban,* 5 NY3d 143, 155-156 [2005]; *People v Hobot,* 84 NY2d 1021, 1024 [1995]; *compare People v Turner,* 5 NY3d 476 [2005]).

Defendant's constitutional challenge to the procedure under which he was adjudicated a persistent violent felony offender is without merit (*see Almendarez-Torres v United States,* 523 US 224 [1998]).

Defendant's argument that he was impermissibly charged a DNA databank fee was rendered moot by the court's amended commitment sheet.

Defendant's remaining contentions, including all of his remaining constitutional arguments, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. Concur—Mazzarelli, J.P., Saxe, Friedman, Marlow and Williams, JJ.