People v Rivera (2019 NY Slip Op 02262)





People v Rivera


2019 NY Slip Op 02262


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Renwick, J.P., Manzanet-Daniels, Tom, Mazzarelli, Webber, JJ.


8037 4352/13

[*1]The People of the State of New York, Respondent,
v
Clemente Rivera, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Carl S. Kaplan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Julia P. Cohen of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered January 22, 2016, as amended August 5, 2016, convicting defendant, after a jury trial, of burglary in the first degree, robbery in the second degree and assault in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 25 years, unanimously affirmed.
The court providently exercised its discretion in permitting two witnesses to give lay opinion testimony that defendant was the person depicted in photos from surveillance videotapes from areas in and around the building where the robbery occurred and at the shelter where defendant resided both several months prior to the robbery and at the time of the robbery. This testimony "served to aid the jury in making an independent assessment regarding whether the man in the [videos] was indeed the defendant" (People v Russell, 79 NY2d 1024, 1025 [1992]), because there was "some basis for concluding that the witness[es] [were] more likely to correctly identify the defendant from the [videos] than [was] the jury" (People v Sanchez, 95 AD3d 241, 249 [1st Dept 2012], affd 21 NY3d 216 [2013]).
The People established that defendant's appearance had changed since the crime in several significant respects. Furthermore, the witnesses, who were sufficiently familiar with defendant, were able to recognize defendant's mannerisms and peculiar way of walking. In addition, the record establishes the poor quality of the photographic evidence.
The court also providently exercised its discretion in declining to hold a full evidentiary hearing on the admissibility of the lay opinions. The information before the court, including the witnesses' detailed grand jury testimony covering the relevant subjects, clearly established a proper foundation for the evidence, and there was no factual issue requiring a hearing.
We have considered and rejected defendant's remaining arguments in this regard.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK