People v Orozco (2021 NY Slip Op 06926)





People v Orozco


2021 NY Slip Op 06926


Decided on December 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 09, 2021

Before: Kapnick, J.P., Moulton, González, Rodriguez, Pitt, JJ. 


Ind No. 2801/16 Appeal No. 14816 Case No. 2019-1408 

[*1]The People of the State of New York, Respondent,
v
Eric M. Orozco, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Margaret E. Knight of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.



Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered September 6, 2018, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree and reckless endangerment in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 12 years, unanimously affirmed.
The evidentiary rulings challenged on appeal were provident exercises of the trial court's broad discretion over such matters (see generally People v Scarola, 71 NY2d 769, 777 [1988]). In any event, any errors were harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]), which included, among other things, statements by defendant to law enforcement and in recorded phone calls to relatives that the jury could reasonably infer to be repetitive admissions of guilt.
Initially, we note that the fact that defendant was on probation for a federal conviction was part of the context for many items of evidence, such as some of defendant's statements. His claim that there was excessive reference to his status is unavailing, and the court's instructions minimized any prejudice.
None of the other rulings warrant reversal. The court providently received defendant's probation officer's opinion testimony that defendant was the person depicted on surveillance video discharging a firearm. The officer was in a better position than the jurors to identify defendant on the video, and his testimony "served to aid the jury in making an independent assessment regarding whether the man in the [video] was indeed the defendant" (People v Russell, 79 NY2d 1024, 1025 [1992]; see also People v Pinkston, 169 AD3d 520, 521 [1st Dept 2019], lv denied 33 NY3d 1107 [2019]). Evidence about the probation officer's conversation with defendant about revoking his probation based on the instant crime was relevant to explain defendant's statement, "I was doing good up to then." The court's curative actions were sufficient to prevent any prejudice from a question that sought to elicit a detective's opinion about an aspect of the video. The court providently received evidence about a crime, involving persons other than defendant, that occurred immediately after the instant crime. This evidence provided necessary background information that explained the police investigation, and the court carefully instructed the jury that defendant was not charged with the later crime. Defendant's remaining evidentiary claims are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, [*2]to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713—714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2021