People v Castro (2022 NY Slip Op 04234)

People v Castro

2022 NY Slip Op 04234

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, NEMOYER, AND WINSLOW, JJ.

135 KA 19-02227

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSE M. CASTRO, DEFENDANT-APPELLANT. 

KELIANN M. ARGY, ORCHARD PARK, FOR DEFENDANT-APPELLANT.
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oswego County Court (Donald E. Todd, J.), rendered November 14, 2019. The judgment convicted defendant upon a jury verdict of robbery in the first degree, robbery in the second degree (two counts) and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [2]), and two counts each of robbery in the second degree (§ 160.10 [1], [2] [a]) and criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]).
We reject the contention of defendant that he was denied his statutory right to testify before the grand jury. Defendant failed to serve the requisite written notice upon the District Attorney that he intended to testify before the grand jury (see CPL 190.50 [5] [a]; People v Hernandez, 192 AD3d 1528, 1529 [4th Dept 2021], lv denied 37 NY3d 957 [2021]). We similarly reject defendant's contention that he was denied effective assistance of counsel by defense counsel's failure to move to dismiss the indictment pursuant to CPL 190.50 (5) (c). As noted, defendant did not serve the requisite written notice upon the District Attorney that he intended to testify before the grand jury (see CPL 190.50 [5] [a]), and it is well settled that "[t]here can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to 'make a motion or argument that has little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005], quoting People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]).
To the extent that defendant further contends that he was denied effective assistance of counsel on the ground that his former attorney failed to effectuate his intent to testify before the grand jury, that contention concerns matters outside the record and thus is not reviewable on direct appeal and must be raised in a motion pursuant to CPL article 440 (see People v Slater, 61 AD3d 1328, 1329 [4th Dept 2009], lv denied 13 NY3d 749 [2009]; People v Vann, 288 AD2d 876, 877 [4th Dept 2001], lv denied 97 NY2d 709 [2002]; see also People v Maffei, 35 NY3d 264, 269 [2020]).
Contrary to defendant's further contention, the conviction is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "[T]he element of identity was established by a compelling chain of circumstantial evidence that had no reasonable explanation except that defendant was one of the perpetrators" (People v Brown, 92 AD3d 1216, 1217 [4th Dept 2012], lv denied 18 NY3d 992 [2012]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We reject defendant's contention that testimony from a police officer who identified defendant from a surveillance video was improperly admitted in evidence. Contrary to defendant's assertion, the means by which the police officer initially identified defendant were not unduly suggestive (see People v Collins, 60 NY2d 214, 220 [1983]; cf. People v Burton, 191 AD3d 1311, 1313 [4th Dept 2021], lv denied 36 NY3d 1095 [2021]; People v Gambale, 150 AD3d 1667, 1668-1669 [4th Dept 2017]) and County Court did not abuse its discretion in permitting the testimony of that officer at trial (see People v Russell, 165 AD2d 327, 336 [2d Dept 1991], affd 79 NY2d 1024 [1992]). " 'A lay witness may give an opinion concerning the identity of a person depicted in a surveillance [video] if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the [video] than is the jury' " (People v Graham, 174 AD3d 1486, 1487-1488 [4th Dept 2019], lv denied 34 NY3d 1016 [2019]; see Russell, 165 AD2d at 336). Here, the court did not abuse its discretion in allowing the testimony because the People presented evidence establishing that the officer was familiar with defendant based on numerous prior interactions (see People v Mosley, 200 AD3d 1658, 1659 [4th Dept 2021]; cf. Graham, 174 AD3d at 1487-1488) and defendant's appearance had changed since the date of the incident (see Russell, 79 NY2d at 1025; People v Sampson, 289 AD2d 1022, 1022-1023 [4th Dept 2001], lv denied 97 NY2d 733 [2002]). Further, "the trial court issued appropriate limiting instructions to the jury" (People v Sanchez, 21 NY3d 216, 225 [2013]; see Mosley, 200 AD3d at 1659).
Defendant failed to preserve for our review his contentions that the indictment was multiplicitous and duplicitous (see People v Allen, 24 NY3d 441, 449-450 [2014]; People v Box, 145 AD3d 1510, 1512-1513 [4th Dept 2016], lv denied 29 NY3d 1076 [2017]; People v Fulton, 133 AD3d 1194, 1194-1195 [4th Dept 2015], lv denied 26 NY3d 1109 [2016], reconsideration denied 27 NY3d 997 [2016]) and otherwise defective (see generally People v Iannone, 45 NY2d 589, 600 [1978]) and that the verdict was inconsistent (see People v Dinant, 175 AD3d 1833, 1834 [4th Dept 2019], lv denied 34 NY3d 1077 [2019]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court