Matter of Sidy T. (2024 NY Slip Op 00251)

Matter of Sidy T.

2024 NY Slip Op 00251

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Kern, J.P., Friedman, González, Shulman, JJ. 

Docket No. D3571/22 Appeal No. 1468 Case No. 2022-04847 

[*1]In the Matter of Sidy T., A Person Alleged to be a Juvenile Delinquent, Appellant.

Twyla Carter, The Legal Aid Society, New York (John A. Newbery of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for presentment agency.

Order of disposition, Family Court, New York County (Jonathan H. Shim, J.), entered on or about October 17, 2022, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of robbery in the second degree, robbery in the third degree, grand larceny in the fourth degree, menacing in the second degree, petit larceny, and criminal possession of stolen property in the fifth degree and placing him in a nonsecure facility for a period of 18 months, unanimously modified, on the law, to the extent of dismissing the robbery in the third degree and petit larceny counts, and otherwise affirmed, without costs.
The court properly admitted a surveillance videotape that was adequately authenticated by the testimony of a NYCHA employee who maintained and installed the surveillance cameras, explained how the video footage was safeguarded, and confirmed that the video fairly and accurately represented the surveillance footage at the relevant date, time, and location (see People v Patterson, 93 NY2d 80, 84 [1999]). As appellant does not dispute that the portion of the surveillance video depicting the robbery was sufficiently authenticated by the victim (see People v Alston, 169 AD3d 1, 4-5 [1st Dept 2019]), we find that any error in admitting the brief video evidence preceding appellant's encounter with the victim was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
The court providently exercised its discretion in permitting the opinion testimony of a detective that appellant was the person depicted on the surveillance video who took the victim's sneakers. The testimony "served to aid the [trier of fact] in making an independent assessment regarding whether the man in the [video] was indeed the [appellant]" (People v Russell, 79 NY2d 1024, 1025 [1992]), in view of the detective's familiarity with appellant from over 100 encounters in the prior five years, and the fact that the video captured the incident from a distance, and appellant had his hood up and a mask at the bottom of his chin. There is no requirement that a defendant's appearance has changed for opinion testimony on a defendant's identity in a video, as long as there is "some basis for concluding that the witness is more likely to correctly identify the defendant from the [video] than is the jury" (see People v Hill, 199 AD3d 588, 589 [1st Dept 2022], lv denied 38 NY3d 928 [2022]).
The court's fact-finding determination was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the fact-finder's credibility determinations, which established that appellant forcibly stole the victim's sneakers while aided by another actually present and menaced the victim by displaying what appeared to be a firearm (see Penal Law §§ 165.40; 160.10[1]; 120.14[1]). The evidence also established that appellant committed acts that would constitute [*2]the crime of grand larceny in the fourth degree if committed by an adult (Penal Law §§ 155.30[5]). Although appellant did not physically remove the victim's sneakers from his feet, the property was "taken from the person" because the victim was forced to hand over the sneakers against his will when appellant displayed what appeared to be a gun (see People v Villanueva, 148 AD3d 210, 215-216 [2017], lv denied 29 NY3d 1088 [2017]).
As the Presentment Agency concedes, the counts of the petition charging robbery in the third degree and petit larceny should have been dismissed as lesser included offenses, since appellant was found to have committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree and grand larceny in the fourth degree (see Matter of Ernest S.C., 196 AD3d 565, 566-567 [2d Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024